18831. Levin *v.* Myers.

Mobley, Justice. 1. It was not error for the trial court to exclude certain affidavits made by the defendant, for the reason that the affidavits contained hearsay and irrelevant and immaterial matter, and were argumentative. *Young* v. *Young,* 209 *Ga.* 711 (3) (75 S. E. 2d 433), and citations therein.

2. Where, as here, the judgments denying the defendant's motion to dismiss, and overruling her general and special grounds of demurrer, were rendered on July 2, 1951, to which rulings no exceptions were filed, since the rulings complained of were made more than two years prior to the passage of the act approved December 22, 1953 (Ga. L. 1953, Nov.-Dec. Sess., pp. 440, 453), abolishing exceptions pendente lite in causes then or thereafter pending, its provisions were not applicable, and accordingly the exceptions to such rulings contained in the bill of exceptions, presented more than three years after the date of the rulings complained of, were too late to present any question for consideration. *Hannah* v. *Kenny,* 210 *Ga.* 824 (2) (83 S. E. 2d 1).

3. Irrespective of the inherent power of a court of equity to enforce its decrees—as to which see 31 Am. Jur. 363, § 882, 30 C. J. S. 1016,

§ 618 (a)—the judgment overruling the defendant's demurrer that was interposed to the petitioner's motion to enforce the decree became the law of this case.

4. Under the pleadings and evidence, introduced at the hearings on the motion to enforce the decree of May 5, 1951, to the effect that, after rendition of the prior decree, the defendant committed acts which, though contended to be remedial, created conditions equally aggravating or worse than the wrong originally enjoined, the trial court did not err in the decree of September 2, 1954, which permanently enjoined the defendant from causing or permitting the discharge of any surface water from her real property upon the real property of the petitioner, under the physical conditions and at the locality within the scope of the above-mentioned acts, the criticism being that the decree was mandatory in character. See, in this connection, *Rinzler* v. *Hunter*, 209 *Ga.* 553 (74 S. E. 2d 665).

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 12, 1955—DECIDED FEBRUARY 17, 1955—
REHEARING DENIED MARCH 16, 1955.

*F. L. Breen,* for plaintiff in error.

*J. Kurt Holland, Haas, Holland & Blackshear, M. H. Blackshear, Jr.,* contra.