## 31678. McPHERSON v. McPHERSON.

HILL, Justice.

This is a divorce case. The husband, a nonresident en route from New Jersey to Texas, was served at the Atlanta airport while he was waiting for his connecting flight. The trial court granted the husband's motion to dismiss for lack of jurisdiction over the person. The wife appeals.

The objective facts are undisputed. The wife, who lives in Georgia, had telephoned her husband who had lived for many months in Florida attending to his troubled business. She was aware that he would soon move to Texas to take a salaried management position with a large company. She asked that he travel through Atlanta so they could discuss family matters. By mail he agreed to meet with her to discuss termination of their marriage. The husband was traveling by air from New Jersey, the location of his training for the new job, to Houston, Texas, the place of his employment. As arranged, he met his wife at the Atlanta airport where he was served by his wife's attorney pursuant to court order. After dinner with his wife, he flew on to Texas.

Excerpts from the husband's letters are particularly significant: "I do agree with you that it is time for us to terminate our marriage. . . Tell [the girls] I will see them as soon as possible. I will be in Atlanta for several days soon. If you want to meet, I will be through Atlanta on January 16 for several hours en-route to Houston." Later he advised of his exact arrival time on January 16, saying that although he would be at the airport only two hours, he expected to be back in Atlanta for a couple of days within the next several weeks.

On the other hand, the husband stated by affidavit that his wife lured him into this state for the sole purpose of serving him with the complaint.

1. Motions to dismiss for lack of jurisdiction over the person, Code Ann. § 81A-112 (b) (2), when tried on affidavits pursuant to § 81A-143 (b), do not become motions for summary judgment, *Ogden Equipment Co. v. Talmadge Farms,* 232 Ga. 614 (208 SE2d 459) (1974). However, affidavits made in support of § 81A-112 (b) motions must conform to the requirements of § 81A-156 (e). Although the requirements of § 81A-156 (e) are not expressly applicable to affidavits in general, those requirements stand as a codification of the common law requirements as to affidavits and hence are applicable as such. *Bryan v. Ponder,* 23 Ga. 480 (2) (1857); *Levin v. Myers,* 211 Ga. 474 (1) (86 SE2d 283) (1955); *Kniepkamp v. Richards,* 192 Ga. 509 (7) (16 SE2d 24) (1941); 2A CJS 481, Affidavits, § 43.

Thus, in the case before us the bare conclusion in the husband's affidavit as to the wife's motives cannot be considered as evidence.

2. The husband was "passing through" this state within the meaning of Code § 3-206 so as to be subject to be sued here. Code § 3-206 relates to venue rather than jurisdiction over the person. See *Hopkins v. Hopkins,* 237 Ga. 845 (229 SE2d 751) (1976).

3. "In a civil case, a court will not exercise jurisdiction which rests upon service of process on a defendant who has been decoyed, enticed, or induced to come within the court's reach by any false representation, deceitful contrivance, or wrongful device for which the plaintiff is responsible. The basis of this is not that the court did not acquire jurisdiction, but that it should abstain from exercising jurisdiction in view of the unfair manner in which it was procured." 20 AmJur2d 457, Courts, § 96. See also 62 AmJur2d 835, Process, § 54; 72 CJS 1049, Process, § 39. The overwhelming majority of cases support this view. Annot. 98 ALR2d 551 at 556.

When the issue is whether the court should abstain from exercising jurisdiction over a person served with process, the burden is on that person to show that he was

(i) induced, enticed or decoyed into the jurisdiction (ii) by false representation, etc., for which the plaintiff is responsible. In the case before us the husband has failed to carry that burden.

In the case before us the husband has not shown by competent evidence that he was induced into the jurisdiction. In fact the evidence shows that he planned to be in the Atlanta airport for two hours on January 16 in any event. Moreover, the husband has not shown by competent evidence that any representation made by his wife was false.

4. In an effort to invoke the "right for any reason" rule, on appeal the husband contends for the first time that the wife's attorney, who had been specially appointed by the court to perfect service, did not make return of service by affidavit as required by Code Ann. § 81A-104 (g) (2). That section also provides that "Failure to make proof of service shall not affect the validity of the service." See also Code Ann. § 81A-112 (g).

*Judgment reversed. All the Justices concur.*

ARGUED NOVEMBER 22, 1976 — DECIDED JANUARY 28, 1977.

*Jack N. Sibley,* for appellant.
*Parker, Parker & Poss, Charlie Parker, Jr.,* for appellee.