## 57848. DeWORKEN v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al.
## 57849. PARKER et al. v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al.
## 57850. HOPSON v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al.

SMITH, Judge.
Appellants have demonstrated no error in the trial court's holding that, as a matter of law, appellee State Farm was not answerable for the alleged negligence of one David Underwood. That being the case, we affirm the court's grant of appellee's motion for summary judgment.

Appellee State Farm brought this action seeking a declaratory judgment that it had no obligation to defend David Underwood in any actions brought by appellants for personal injuries arising out of an automobile accident. Appellants William and Cynthia Parker were passengers in the car Underwood was driving, which collided head-on with a vehicle occupied by appellants Hopson and DeWorken.

Emmett Garrett, Jr., owned the automobile Underwood was operating. Underwood and Garrett's son, Mike, were close friends, and Garrett and the two teenagers had worked together to service the car on the

day of the accident, prior to its occurrence. Underwood had also spent the previous night at the Garrett household. After the three had completed the servicing, Garrett gave his son permission to drive the vehicle that evening. Mike was never allowed to borrow the car without first receiving his father's permission and acquiring the car keys from him. Garrett had previously established a standard policy—that no one outside of the family was to operate his car. Garrett deposed he "usually" repeated that rule on loaning the car to Mike. Underwood and Mike both knew Garrett's policy, and it is undisputed that Garrett did not expressly state anything contrary thereto; however, the evidence is uncertain as to whether Garrett reiterated the rule to the boys at the time he permitted Mike to borrow the car. Further, Garrett stated positively that he did not give Underwood express permission to operate the car on the night of the accident.

With Underwood accompanying him, Mike drove the car to his girlfriend's house and, when he determined she would be unable to leave home that night, he remained at her home and loaned the car to Underwood. Mike had never before permitted Underwood or anyone else to drive the automobile. The accident took place later that night, when Underwood was returning to pick up Mike.

Appellee was Garrett's automobile liability insurer. The following provision governed the issue of Underwood's status as an insured under the policy between appellee and Garrett: "Insured — the unqualified word 'insured' includes (1) the named insured, and (2) if the named insured is a person or persons, also includes his or their spouse(s) if a resident of the same household, and . . . (4) any other person while using the owned motor vehicle, PROVIDED THE OPERATION AND THE ACTUAL USE OF SUCH VEHICLE ARE WITH THE PERMISSION OF THE NAMED INSURED OR SUCH SPOUSE AND ARE WITHIN THE SCOPE OF SUCH PERMISSION. . ."

1. Citing *Strickland v. Ga. Cas. &c. Co.*, 224 Ga. 487 (162 SE2d 421) (1968), appellants contend the court below erred in holding that Underwood was not an insured under Garrett's policy with appellee. In *Strickland*, the court dealt with an automobile liability policy which

defined as insureds " 'the named insured and, if the named insured is an individual, his spouse if a resident of the same household, and . . . any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or such spouse or with the permission of either.' " Id. at p. 488. The named insured had permitted Carter, one of his employees, to use the car to transport himself and other employees to and from work. Williams, another employee, who was forbidden to drive by the named insured, was operating the vehicle with Carter accompanying him and with Carter's permission when the involved accident occurred. The two were proceeding home from work at the time. Concluding that the words "actual use" in the policy referred to the purpose to be served and not to the operation of the vehicle, the court held that the liability of Williams and Carter was covered under the omnibus clause, because, at the time of the wreck, they were utilizing the automobile for the purpose permitted by the named insured. The court also noted: " 'The "general rule" that a permittee may not allow a third party to "use" the named insured's car has generally been held not to preclude recovery under the omnibus clause where (1) the original permittee is riding in the car with the second permittee at the time of the accident, or (2) the second permittee, in using the vehicle, is serving some purpose of the original permittee. The courts generally reason that under such circumstances the second permittee is "operating" the car for the "use" of the first permittee and that such "use" is within the coverage of the omnibus clause.' " Id. at p. 491.

Appellants assert that, likewise with *Strickland,* the person driving the vehicle, Underwood, was using the car for a permitted purpose, in that here his use of the car benefited Mike by affording him a private visit with his girlfriend. Assuming that was so, nevertheless appellee was not answerable for Underwood's alleged liability, as the policy in the instant case required that an additional insured both use *and* operate the vehicle with the permission of the named insured or his spouse. "Thus the requisite permission related to the identity of the operator

as well as to the purpose to be served." *Hemphill v. Home Ins. Co.,* 121 Ga. App. 323, 330 (174 SE2d 251) (1970). It was uncontradicted that Garrett had not extended Underwood permission to operate the vehicle. See also Division 2.

2. Appellants contend issues of fact remained as to whether Underwood possessed implied permission to operate the car. They assert those issues are presented by the evidence showing that Underwood and Mike were close friends; that Underwood had slept at the Garrett house the night before, after Mike had driven the same car, with Underwood as passenger; that the two and Mike's father had serviced the car together during the day of the accident; that the two were together when Garrett granted Mike permission to operate the vehicle; and that Garrett did not repeat that only Mike was to drive. We disagree. The asserted existence of such implied permission was here refuted by the fact of Garrett's rule that no one outside of the family was to drive the vehicle and by the fact that the rule had not previously been violated. Furthermore, both Mike and Underwood deposed they knew and understood that restriction upon the occasion of Underwood's assuming operation of the car. The evidence cited by appellants here demonstrated no relevant factual issues.

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

ARGUED MAY 10, 1979 — DECIDED SEPTEMBER 7, 1979 —

*Cullen M. Ward, William C. Lanham,* for appellant (Case No. 57848).

*Asa M. Powell, Jr.,* for appellants (Case No. 57849).

*J. Littleton Glover, Jr., Jack T. Camp,* for appellant (Case No. 57850).

*Jerry B. Blackstock, William J. Armstrong, Ralph Spain, Fred McLam, Samuel A. Murray, Asa M. Powell, Jr., J. Littleton Glover, Jack T. Camp, William C. Lanham, Cullen M. Ward,* for appellees.