### 63488. JONES v. SUDDUTH.

McMURRAY, Presiding Judge.

On January 16, 1974, Nellie S. Jones and Charles Sudduth opened a joint savings account in the name of Charles Sudduth or Nellie S. Jones with an initial deposit of $23,096.10, which was admittedly Sudduth's money. At that time Nellie S. Jones was living with Sudduth's nephew in what she contends was a husband and wife relationship.

During the period of time from 1974 until the account was closed in the later part of 1979 or early in 1980 Nellie Jones would deposit monies in this account for Sudduth. She also contends she put some of her own money in the account. Subsequently, Ms. Jones and her husband came to the parting of the ways and she later withdrew the sum of $31,000 from the joint account with Sudduth, which she contends was her money.

On March 13, 1980, Charles Sudduth sued Nellie Jones to recover the sum of $31,000, contending certain withdrawals amounting to what were fraudulent and wrongful acts and that he was also entitled to recover exemplary and punitive damages, as well as that sum.

The defendant answered in substance, denying the claim admitting only jurisdiction, that the plaintiff was her uncle by marriage, admitting, however, that she withdrew the sum stated which she contends was with permission and consent of the plaintiff. By amendment she contended that the plaintiff occupied a home owned by and titled in the defendant and that she was entitled to the sum of $10,250 as a fair and reasonable rent therefor.

The case proceeded to trial and the jury returned a verdict in favor of the plaintiff in the sum of $31,000, plus interest. Thereupon, judgment was granted to the plaintiff for $31,000, prejudgment interest of $5,832.32, with future interest on said principal sum at 12% per annum. Defendant appeals. *Held:*

The savings account was reported to the joint holders at the same address generally during the period of its existence. However, the plaintiff contended and so testified that the account should have been in the name of his nephew and not his niece by marriage, that it was his money which was transferred to the account from another bank, that he made no contract either in writing or oral with the defendant concerning her performing services for him and the only service she performed was the depositing of his paychecks and the occasional cashing of one when he needed money. He contended and testified that he never saw the quarterly statements. Machine copies of the quarterly savings account showing the social security number of the plaintiff obtained from the bank by the plaintiff, and identified by him were allowed in evidence over objection of the defendant that the highest and best evidence would be the originals and that there had been no explanation of why the originals were not present.

Error is here enumerated that the exhibit appears to be photocopies of the records. There was no showing by the plaintiff that such photocopies were made in the regular course of business to preserve permanently by such reproduction of the writing or record and there is no explanation of the whereabouts of the originals. Error is also enumerated to the allowance by the court of the reading of the documents because it was not the highest and best evidence.

It would appear that under Code § 38-203 the best evidence of the existence of a fact sought to be proved should be produced, unless its absence shall be satisfactorily accounted for. Further, under Code Ann. § 38-711 (Ga. L. 1952, p. 177) in regard to writings, records, entries and memoranda made in the regular course of business the better practice here would have been for the trial court to have required that the bank's records of the savings account be established as having been made in the regular course of business in the introduction of the copies of the savings account quarterly statements. Here, however, the existence of the account is not in question and the entire amount of the account is not involved but only the withdrawal of some $31,000 which the defendant admits withdrawing contending that she had authority as the owner and with the permission of the plaintiff to withdraw as being her own money. A photocopy is ordinarily secondary evidence which may not be admitted over objection without properly accounting for the original. See *Cox v. State,* 93 Ga. App. 533, 535 (92 SE2d 260); *Martin*

*v. Baldwin,* 215 Ga. 293 (110 SE2d 344). The plaintiff testified that he did not have the bank statements, implying that the same was received by the defendant and in her possession. Further, when she ceased residing at the address of her husband and the plaintiff she had the bank start sending the quarterly account statements to her new address. Code § 38-702 provides that if a paper has been lost or destroyed, proof of the fact to the court shall admit secondary evidence, and the question of diligence in securing the original is one for the sole discretion of the court. Also, a duplicate original of an instrument may be admitted into evidence without violation of the best evidence rule. See *Ga. Farm Bureau Mut. Ins. Co. v. Latimore,* 151 Ga. App. 786, 789 (261 SE2d 735), and cits. The exhibit here was machine copies of the quarterly statements of the bank, and the plaintiff, having testified that he did not have the originals, we find no error in the court allowing same in evidence since the essential fact to be proved was neither the existence nor the contents of the writing which was merely collateral or incidental to the issue. See *Klem v. Southeast Ceramics,* 142 Ga. App. 610, 611 (236 SE2d 694). However, even if the admission of the document was improper, it was harmless error. See Code Ann. § 81A-161 (Ga. L. 1966, pp. 609, 664). The defendant here was required to show that the admission of the evidence was prejudicial to her in order to obtain a reversal. See *Southwest Ga. Production Credit Assn. v. Wainwright,* 241 Ga. 355, 357 (3) (245 SE2d 306); *Dunn v. McIntyre,* 146 Ga. App. 362, 364 (246 SE2d 398). The issue here was whether or not the monies withdrawn by the defendant were her monies or those of the plaintiff. We find no reversible error, and the enumerations of error are not meritorious.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED JUNE 17, 1982.

*John L. Watson, Jr.,* for appellant.
*W. Jason Uchitel,* for appellee.