### 65324. WILLIAMS v. THE STATE.

SHULMAN, Chief Judge.

Appellant was convicted of possession of marijuana with intent to distribute. OCGA § 16-13-30 (j)(1) (Code Ann. § 79A-811). In his appeal from his conviction, he enumerates as error the trial court's denial of his motion to suppress and the admission of evidence despite an alleged missing link in the chain of custody.

1. Law enforcement officials executed a search warrant for 621-B Roadway Avenue in Albany, Georgia. From the exterior, 621 Roadway appeared to be a duplex having two entrances, one marked 621-A and the other 621-B. Upon entering 621-B, however, police officers discovered what seemed to be a single dwelling undergoing conversion into a duplex. A dividing wall between 621-A and 621-B was only partially built, and a passageway between A and B existed. A police officer, standing in 621-B, espied bags of marijuana 8 to 10 feet on the other side of the partially constructed wall. This marijuana formed the basis of the charges against appellant.

" 'A police officer may seize what is in plain sight if, as here, he is in a place where he is constitutionally entitled to be. [Cits.] . . . But it must be *immediately apparent* to the investigating officer that the property to be seized is contraband.' " *Copeland v. State,* 162 Ga. App. 398, 399 (291 SE2d 560). Inasmuch as the facts of the case at bar meet the requirements of the "plain view" doctrine, the denial of the motion to suppress was not error.

2. Appellant complains that the chain of custody of the marijuana was incomplete and concludes that the evidence therefore should not have been admitted at trial. The seizing officer gave the contraband to his superior officer, who delivered it to the crime lab; the crime lab expert removed the bags he tested from the evidence locker where they had been placed by another crime lab employee.

"Where the State seeks to introduce evidence of a fungible nature, it must show a chain of custody adequate to preserve the identity of the evidence. [Cit.] The burden is on the State 'to show

with reasonable certainty that the evidence is the same as that seized and that there has been no tampering or substitution.' [Cits.] The State need not negative every possibility of tampering, and 'need only establish reasonable assurance of the identity' of the evidence. [Cit.] 'When there is only a bare speculation of tampering, it is proper to admit the evidence and let what doubt remains go to the weight.' [Cit.]" *Anderson v. State,* 247 Ga. 397, 399 (276 SE2d 603).

There was no evidence to show substitution of or tampering with the evidence. Appellant relies solely on the fact that the examining crime lab expert did not receive the contraband from a person in the custodial chain. "However, it is clear from the record that the marijuana was in the custody of the law enforcement officers at all times until taken to the State Crime Lab. Thus the State has shown with 'reasonable certainty' that the marijuana offered into evidence is the same as that which was seized." Id.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED MARCH 9, 1983.

*Kenneth B. Hodges, Jr.,* for appellant.
*Hobart M. Hind, District Attorney,* for appellee.