77057. SHIVERS v. THE STATE.
(374 SE2d 233)

SOGNIER, Judge.

Eddie Shivers was convicted of selling cocaine to an undercover officer in violation of the Georgia Controlled Substances Act, and he appeals.

1. Appellant enumerates as error the admission into evidence of the State's Exhibit 1, a plastic bag containing a piece of cocaine the undercover officer testified he bought from appellant, on the ground that the State failed to establish a chain of custody. The undercover agent, Officer Willie McCoy, testified he purchased a small piece of rock cocaine, known as "crack," from appellant and immediately wrapped it in a foil gum wrapper and put it in his pocket. Shortly thereafter, Officer McCoy gave the cocaine to Officer Darrell Griffis, who testified he put the evidence in a plastic bag and attached a chain of custody form on which he wrote the date of the sale and the participants' names. Officer Griffis then sent the plastic bag, along with several other similar bags, to the State Crime Lab by certified mail. The record reveals a crime lab chemist then marked the plastic bag and its attached chain of custody form with identifying data and kept them until the trial.

"Where the State seeks to introduce evidence of a fungible nature, it must show a chain of custody adequate to preserve the identity of the evidence. [Cit.] The burden is on the State 'to show with reasonable certainty that the evidence is the same as that seized and that there has been no tampering or substitution.' [Cits.] The State need not negative every possibility of tampering, and 'need only establish reasonable assurance of the identity' of the evidence. [Cit.] '(W)hen there is only a bare speculation of tampering [or substitution], it is proper to admit the evidence and let what doubt remains go to the weight.' [Cit.]" *Anderson v. State*, 247 Ga. 397, 399 (2) (276

SE2d 603) (1981).

The evidence adduced at trial established that the cocaine, which was always clearly identified as the piece of crack Officer McCoy bought from appellant, was in the custody of law enforcement officers at all times until it was sent to the crime lab, where it remained until trial. Appellant argues the chain was incomplete because Officer McCoy could not testify definitively that Exhibit 1 was the actual piece of cocaine he bought from appellant, but this argument is without merit because appellant introduced "no evidence to show substitution of or tampering with the evidence." *Williams v. State*, 165 Ga. App. 708, 709 (302 SE2d 609) (1983). Thus, the chain of custody was established with reasonable certainty and the trial court did not err by admitting Exhibit 1 into evidence. See *Ritter v. State*, 163 Ga. App. 158 (1) (293 SE2d 547) (1982).

2. Appellant contends the trial court erred by admitting into evidence a photocopy of the certified mail receipt Officer Griffis retained when he mailed the evidence packet to the crime lab, arguing admission of the exhibit violated the best evidence rule because the witness did not properly account for the absence of the original. Officer Griffis testified he prepared the original receipt and photocopy and took the envelope to the Post Office, and that he had looked for the original on more than one occasion but apparently lost it during a move of his office.

The best evidence rule, which requires the original of a writing to be produced "unless its absence [is] satisfactorily accounted for," OCGA § 24-5-4 (a), applies only when a writing is introduced to establish the existence or contents of the document, and is not applicable when a party uses the document to prove a fact. *Willingham v. State*, 134 Ga. App. 603, 606 (3) (215 SE2d 521) (1975). Here, the State offered the certified mail receipt to prove the cocaine was mailed to the crime lab, not to prove the contents or existence of the receipt itself. Accordingly, the best evidence rule did not apply and appellant's objection was properly overruled. Moreover, the trial court admitted the photocopy only after Officer Griffis established the original was lost and he had searched diligently for it. See OCGA §§ 24-5-2; 24-5-21; see also *Mulkey v. State*, 155 Ga. App. 304, 306-307 (270 SE2d 816) (1980).

*Judgment affirmed. Deen, P. J., concurs. Carley, J., concurs in Division 1 and in the judgment.*

DECIDED OCTOBER 7, 1988.

*Clyde M. Urquhart*, for appellant.
*Glenn Thomas, Jr., District Attorney, John B. Johnson III, As-*

*sistant District Attorney*, for appellee.