A93A0205. TRANSPORTATION INSURANCE COMPANY
v. ALLSTATE INSURANCE COMPANY.

(432 SE2d 259)

BLACKBURN, Judge.

This is an appeal from the trial court's grant of appellee Allstate Insurance Company's (Allstate) motion for summary judgment. Appellant Transportation Insurance Company (Transportation) issued an automobile liability insurance policy to Automatic Data Processing (ADP) covering permissive use of automobiles owned by ADP. ADP permitted certain employees to use company cars for business and personal use. Gwendolyn Flitter was an employee of ADP who had obtained a company car for her use.

In March 1990, Flitter allowed a visiting friend, Delois Clark, to drive the subject vehicle on an errand to the grocery store for their mutual benefit. Clark was involved in a motor vehicle collision during the errand. The occupants of the car struck by Clark, the LaFavors, sued Clark for damages. Clark filed a claim with Transportation under the insurance policy issued to ADP. Clark's personal automobile liability coverage was with Allstate.

Transportation filed a declaratory judgment action, and subsequently moved for summary judgment on the ground that coverage did not exist under its policy with ADP because Clark was not a permissive user of the vehicle. Allstate moved for summary judgment and claimed that Clark was a permissive user under Transportation's policy, and that Transportation was the primary liability carrier while Allstate was the excess carrier. The trial court granted Allstate's motion and Transportation appealed.

1. In its first enumeration of error, Transportation asserts that the trial court abused its discretion in ruling inadmissible, a copy of ADP's Leased Vehicle Policy Agreement (LVPA) signed by Flitter and offered as evidence of ADP's agreement with Flitter regarding the responsibilities and duties required of employees in obtaining a company car, where no explanation was offered as to the whereabouts of the original document. The agreement contained a prohibition against the use of the company vehicle by anyone other than the employee's spouse. Transportation argued that Flitter identified the document

and her signature on the last page of the document, thereby authenticating the document. Transportation further argued that the contents of the document were not disputed by Allstate and, therefore, the trial court should have admitted the copy into evidence.

"[A]s a general rule, admission of evidence is a matter which rests largely within the sound discretion of the trial court and an appellate court will not interfere with its rulings absent abuse of that discretion. [Cit.]" *West v. Nodvin,* 196 Ga. App. 825, 827 (397 SE2d 567) (1990). The trial court determined that the copies of the LVPA were secondary evidence pursuant to OCGA § 24-5-4, and, therefore, inadmissible. OCGA § 24-5-4 provides: "(a) The best evidence which exists of a writing sought to be proved shall be produced, unless its absence shall be satisfactorily accounted for. (b) Written evidence of a writing is considered of higher proof than oral evidence. In all cases where the parties have reduced their contract, agreement, or stipulation to writing and have assented thereto, such writing is the best evidence of the same."

Flitter identified the LVPA as a document which she had seen on prior occasions. She also identified her signature on the document; however, she could not testify as to the contents of the writing because she could not recall reading them. Flitter further testified that she was unaware that she was not permitted to allow anyone other than a spouse to use the vehicle. Flitter's testimony regarding the LVPA does not affect Allstate's best evidence objection to the document's admissibility. "A photocopy is ordinarily secondary evidence which may not be admitted over objection without properly accounting for the original. [Cits.]" *Jones v. Sudduth,* 162 Ga. App. 602, 603 (292 SE2d 448) (1982). The record contains no evidence of any attempt to account for the original LVPA. Therefore, it was not error to disallow the photocopy.

Transportation next argues that OCGA § 24-5-4 does not apply because the contents or existence of the document were not disputed. See *Shivers v. State,* 188 Ga. App. 744 (374 SE2d 233) (1988). The facts in *Shivers,* supra, are distinguishable, as it involved the introduction of a photocopy of a certified mail receipt introduced for the purpose of proving only the fact of mailing of the subject evidence. The custodial officer testified he had lost the original receipt. Upon objection the court properly held, and this court affirmed, that OCGA § 24-5-4 (a), the best evidence rule, applies only when a document is introduced to establish the existence or contents of the document and is not applicable when a party uses the document to prove a fact. In the subject case, the LVPA was sought to be introduced for the purpose of establishing both its existence and contents and, therefore, it was not error to exclude it. Had the LVPA been admitted, it would not have resulted in a different disposition of this case. The coverage

terms provided by the insurance policy entered between Transportation and ADP and covering the subject vehicle, controls the outcome of this case, not any agreement entered between ADP and its employee as may have been evidenced by the LVPA. See Division 2.

2. In Transportation's second enumeration of error, it asserts that the trial court erred in finding that Clark was a permissive user and thus an insured under the omnibus clause of its insurance policy. Transportation first argues that Clark's use of the ADP-owned vehicle was not within the scope of the permission for the use of the vehicle given by ADP to Flitter. However, the only evidence regarding the scope of permission is Flitter's testimony. She testified that she was allowed to use the vehicle for "nonbusiness" or "personal" needs. Transportation contends that Clark's trip to the grocery store was for Clark's personal benefit and not for Flitter's benefit. However, this argument does not account for Flitter's testimony that it was her dinner party and her guests. Clark's use of the vehicle, with Flitter's permission, was for both Clark's and Flitter's benefit and convenience.

In the present case, Transportation's liability is dependent upon the terms of its insurance policy with ADP. Therein, an "insured" is defined as ADP and "[a]nyone else while using with your permission a covered 'auto' you own, hire or borrow except . . . (the exceptions are not applicable to the case sub judice)." In *Hemphill v. Home Ins. Co.*, 121 Ga. App. 323 (174 SE2d 251) (1970), we were faced with a similarly worded omnibus clause. Therein, a father allowed his son to use the father's car for "general transportation purposes without restriction as to use, except that he was not to let anyone else drive it." Id. at 324. The son lent the car to one of his friends who was involved in a collision. The father's insurance policy provided coverage for " 'any other person using such automobile with the permission of the named insured.' " Id. at 329.

As in the present case, the question in *Hemphill* was what the language " 'use with permission' " meant. In *Hemphill*, we held "that the requisite permission relate[d] only to the purpose for which permission was given and not to the identity of the operator." Id. We find that *Hemphill* controls the interpretation of the omnibus clause contained in Transportation's insurance policy, and, as discussed above, Clark's use was within the scope of permission given.

Transportation argues that under similar circumstances as found herein, we held that the second permittee's use of the owner's vehicle was found to lie outside the scope of the owner's initial grant of permission for use of the vehicle; and, therefore, the second permittee was not an insured under the owner's policy. See *DeWorken v. State Farm &c. Ins. Co.*, 151 Ga. App. 248 (259 SE2d 490) (1979). However, that was not the basis for our holding. In *DeWorken*, the father allowed his son to use the father's vehicle after the son obtained per-

mission for each use from the father. Furthermore, it was undisputed that both the son and the friend to whom the son loaned the vehicle knew that no one other than the son was allowed to drive the car. The son borrowed the car and, with his friend, drove to his girl friend's house. The son decided to stay at his girl friend's house and allowed his friend to take the car. The friend was involved in an automobile accident with the car. Contrary to Transportation's argument, we held that the friend was not an insured under the policy *because* it "required that an additional insured both use *and* operate the vehicle with the permission of the named insured or his spouse." Id. at 250. Therefore, *DeWorken* does not apply to the instant facts because Transportation's insurance policy only required that an insured use the vehicle with ADP's permission, not that the vehicle be used *and* operated with ADP's permission.

Transportation next argues that the trial court's ruling constitutes an application of the "first instance permission rule" that we have previously rejected. This argument would be applicable to the present case only if the trial court had not determined, and we did not agree, that Clark's use of the vehicle was within the scope of permission given. Under the "first instance permission rule" once an owner permits another person to use his vehicle, the owner becomes liable for all uses of the vehicle by that person. This doctrine was rejected in *Hodges v. Ocean Accident &c. Corp.*, 66 Ga. App. 431 (18 SE2d 28) (1941), and is not relevant to the holding of this case because we find that the trial court was correct in determining that Clark's use of the vehicle was within the scope of the permission given to Flitter for use of the vehicle.

*Judgment affirmed. Smith, J., concurs. Johnson, J., concurs in the judgment only.*

DECIDED JUNE 4, 1993.

*Webb, Carlock, Copeland, Semler & Stair, Robert C. Semler, William T. Clark, Julianne L. Swilley,* for appellant.

*Chambers, Mabry, McClelland & Brooks, David A. Komie, Francis G. Jones, Jr., Fain, Major & Wiley, Roger W. Orlando, Winston P. Bethel, James A. Barnett,* for appellee.