A04A1312. DIXON DAIRY FARMS, INC. v. PURINA MILLS, INC.
(601 SE2d 152)

ELDRIDGE, Judge.

An Appling County jury found for Purina Mills, Inc. ("Purina") in its suit to recover monies due on an uncollected credit account. Judgment in the amount of $134,335.71 was entered against Larry Dixon, individually, and Dixon Dairy Farms, Inc. ("appellants") in accordance with the jury's verdict. In addition, Dixon Dairy Farms was ordered to pay pre-judgment interest in the amount of $36,143.58. On appeal, we affirm the judgment of the court below.

In February 1995, Larry Dixon applied for credit with Purina on behalf of Dixon Dairy Farms; he individually executed a guarantee for the debt of Dixon Dairy Farms. Thereafter, dairy cattle feed products were purchased from Purina on credit, and appellants became indebted on the account. In 1999, Purina filed suit against both Larry Dixon, individually, and Dixon Dairy Farms for the uncollected balance. At trial, Larry Dixon defended individually on the basis that in February 1995, he allegedly wrote to Purina cancelling his personal guarantee of the Dixon Dairy Farms account. Larry Dixon claimed he gave the letter to Purina representative Andrew Fielding and that on February 15, 1995, Fielding transmitted the letter to Purina along with a cover letter written by Fielding. The jury found against Larry Dixon, individually, and against Dixon Dairy Farms. *Held*:

1. Appellants first claim error in the trial court's refusal to permit the introduction of a photocopy of the February 15, 1995 cover letter purportedly written and signed by Andrew Fielding and transmitted to Purina along with Larry Dixon's letter/notification that he was cancelling his personal guarantee of the Dixon Dairy Farms credit account. We find no error.

[I]t is for the trial court to determine admissibility of evidence, and absent an abuse of discretion, such exercise of sound discretion will not be disturbed.[1]

In the case at bar, the cover letter sought to be introduced was a photocopy of an alleged original that has never been produced, the introducing party had never seen, and the other party claimed did not exist; thus, without additional foundation, the photocopy was susceptible to a best evidence objection.[2] Also, during voir dire on the issue of admissibility, the alleged author, Andrew Fielding, denied that he had either written the cover letter, signed it, or transmitted it to Purina, making the photocopy of the alleged cover letter unauthenticated, inadmissible hearsay.[3] Finally, the photocopy of the alleged cover letter at issue was neither included in the pre-trial order reflecting documents to be introduced at trial nor shown pre-trial to plaintiff so that its authenticity could be tested or otherwise established.[4] Under the totality of the circumstances presented here, we do not find the trial court abused its discretion in precluding the introduction of the photocopy at issue.[5]

2. "The rule is that interest must be awarded on a liquidated sum from the time the liability arises, OCGA § 7-4-15; and that the jury *may* award interest until the time of recovery."[6] Accordingly, we find no error in trial court's award of *pre-judgment* interest to be paid by the original obligor, Dixon Dairy Farms.

*Judgment affirmed. Ruffin, P. J., and Adams, J., concur.*

---

[1] (Citation omitted.) *Redfearn v. Huntcliff Homes Assn.*, 260 Ga. App. 150, 156 (1) (a) (579 SE2d 37) (2003).

[2] OCGA § 24-5-4; *Transportation Ins. Co. v. Allstate Ins. Co.*, 208 Ga. App. 837 (1) (432 SE2d 259) (1993).

[3] See *Schwindler v. State*, 254 Ga. App. 579, 584, n. 1 (563 SE2d 154) (2002) (unauthenticated hearsay letter lacks probative value).

[4] See *Sunflower Props. v. Yocum*, 261 Ga. App. 142, 144-145 (3) (581 SE2d 648) (2003) (no error in refusing to admit into evidence transaction reports which were not listed in the pre-trial order).

[5] *Redfearn v. Huntcliff Homes Assn.*, supra at 156.

[6] (Citation omitted; emphasis in original.) *Wheels & Brakes v. Capital Ford Truck Sales*, 167 Ga. App. 532, 534 (2) (307 SE2d 13) (1983).

740

*Kenneth R. Carswell*, for appellant.
*Sell & Melton, Kevin T. Brown*, for appellee.