A07A2473. ALCATRAZ MEDIA, LLC et al. v. YAHOO! INC. et al.
(660 SE2d 797)

MILLER, Judge.

Alcatraz Media, LLC, an Internet-based travel business, and Ryan Windsor, its owner (collectively, "Alcatraz"), sued Yahoo! Inc. and its subsidiary Overture Services, Inc. (collectively, "Yahoo"), for breach of contract, alleging that Alcatraz purchased Internet advertising from Yahoo on a "pay-per-click" basis and that Yahoo had improperly removed from its search services several of its "vital advertising terms." Yahoo moved to dismiss for lack of personal jurisdiction,[1] relying on a clause in the contract selecting California as the forum for any litigation. Alcatraz appeals from the trial court's grant of such motion, arguing (i) that Yahoo presented no competent evidence in support of its motion, and, (ii) even were it otherwise, that Yahoo failed to meet its burden of proving a lack of personal jurisdiction. For the reasons set forth below, we disagree and affirm.

We apply a de novo standard of review to the trial court's grant of a motion to dismiss. A motion to dismiss may be granted only where a complaint shows with certainty that the plaintiff would not be entitled to relief under any state of facts that could be proven in support of his claim.

(Citations and punctuation omitted.) *Joseph H. King, Jr., P.C. v. Lessinger,* 276 Ga. App. 145, 146 (622 SE2d 381) (2005); *Daughtry v. Chaney-Bush Irrigation,* 166 Ga. App. 708, 709 (1) (305 SE2d 439) (1983). Further, upon considering a motion to dismiss for lack of jurisdiction over the person, as here, or subject matter and improper venue, the trial court "has discretion to hear oral testimony or to decide the motion on the basis of affidavits and documentary evidence

---

[1] Although denominated as motion to dismiss for failure to state a claim upon which relief may be granted under OCGA § 9-11-12 (b) (6), Yahoo sought dismissal of Alcatraz's complaint on the basis of OCGA § 9-11-12 (b) (2), arguing a lack of personal jurisdiction based on the forum selection clause agreed upon by the parties. See *Euler-Siac S.P.A. v. Drama Marble Co.,* 274 Ga. App. 252, 254 (1) (617 SE2d 203) (2005) (Forum selection clauses address personal jurisdiction, not subject matter jurisdiction.).

alone pursuant to OCGA § 9-11-43 (b). *McPherson v. McPherson*, 238 Ga. 271 (232 SE2d 552) (1977)." *Beasley v. Beasley*, 260 Ga. 419, 420 (396 SE2d 222) (1990).

The record shows that Yahoo provides "pay-for-placement" advertising on the Internet by enabling its advertisers, among them Alcatraz, to identify search terms relevant to their businesses. Yahoo, in turn, provides entities searching for such terms in its data base with a list of the corresponding advertiser websites. Yahoo's advertisers prepay for services and are billed as their websites are "clicked on."

On March 19, 2002, Alcatraz electronically contracted for Yahoo's advertising services "on-line" and, on June 16, 2006, filed the instant lawsuit for breach of contract in the Superior Court of Fulton County. Alcatraz alleged that Yahoo had removed certain of Alcatraz's vital search terms unfairly monopolizing advertising in the travel industry, and that it had "artificially inflated [prepaid] 'pay for click' prices being imposed on Alcatraz." On October 13, 2006, Yahoo moved to dismiss, arguing that the agreement of the parties included the following forum selection clause:

> This Agreement shall be construed and controlled by the laws of the State of California. Any dispute arising from this Agreement, including, without limitation, a breach of this Agreement, shall be governed by the laws of the State of California, without regard to its conflicts of laws principles. You agree to submit to the exclusive jurisdiction of the state and federal courts located in Los Angeles.

Finding the same controlling upon the conflicting affidavits of the parties and oral testimony, the trial court entered its order granting the motion and dismissing the case. The instant appeal followed.

1. Alcatraz challenges the dismissal of its complaint, arguing that Yahoo presented no competent evidence in support of its motion to dismiss. Specifically, Alcatraz asserts (i) that the initial affidavit Yahoo gave in support of its motion, an affidavit provided by James D. Weiss, Yahoo's Senior Director of Business Affairs (the "First Weiss Affidavit"), was defective insofar as it relied upon unattached business records, (ii) that the supplemental affidavit Yahoo filed in support of its motion, a second affidavit provided by Weiss (the "Second Weiss Affidavit"), was untimely filed, and (iii) that Weiss's testimony by telephone at the trial court's hearing on the motion violated OCGA § 9-11-6. We disagree.

> In Georgia, a defendant who files a motion to dismiss for lack of personal jurisdiction has the burden of proving lack

of jurisdiction. And any disputes of fact in the written submissions supporting and opposing the motion to dismiss are resolved in favor of the party asserting the existence of personal jurisdiction.

(Footnotes omitted.) *Aero Toy Store v. Grieves*, 279 Ga. App. 515, 524 (2) (631 SE2d 734) (2006). Further, motions to dismiss for lack of personal jurisdiction pursuant to OCGA § 9-11-12 (b) (2), when tried on affidavits, do not devolve to motions for summary judgment. *Ogden Equip. Co. v. Talmadge Farms*, 232 Ga. 614 (208 SE2d 459) (1974). However, affidavits in support of such motions, as discussed below, must adhere to OCGA § 9-11-56 (e) requirements. See *McPherson v. McPherson*, 238 Ga. 271, 272 (1) (232 SE2d 552) (1977).

(a) Alcatraz correctly asserts that the First Weiss Affidavit was inadmissible insofar as it stated, without attached supporting documentation, (i) that Yahoo's business records showed that the forum selection clause in issue was among the terms and conditions of its 2002 contracts, and (ii) that Alcatraz accepted such terms and conditions by the contract of the parties entered into on March 19, 2002. Inasmuch as the particular facts to be proved by the First Weiss Affidavit were not supported, as above, i.e., by business records showing that the contract of the parties contained a Los Angeles, California forum selection clause, the trial court's consideration of the same was error in such regard. "OCGA § 24-5-4 (a), the best evidence rule, applies . . . when[, as here,] a document is introduced to establish the existence or contents of the document. . . ." *Transp. Ins. Co. v. Allstate Ins. Co.*, 208 Ga. App. 837, 838 (1) (432 SE2d 259) (1993). "Where records relied upon and referred to in an affidavit are neither attached to the affidavit nor included in the record and clearly identified in the affidavit, the affidavit is insufficient." (Citation omitted.) *Taquechel v. Chattahoochee Bank*, 260 Ga. 755, 756 (2) (400 SE2d 8) (1991). However, given that Yahoo attached to its Second Weiss Affidavit its business records showing that the parties entered into the contract at issue on March 19, 2002, the terms and conditions of which included a Los Angeles, California forum selection clause, the trial court properly considered the same to that effect.

(b) Alcatraz claims that the trial court erred in considering the Second Weiss Affidavit because Yahoo failed to request leave of court to file the same out of time pursuant to OCGA § 9-11-6 (d). We disagree.

OCGA § 9-11-6 (d) provides: "A written motion . . . shall be served not later than five days before the time specified for the hearing [thereof], . . . [and] [w]hen [such] motion is supported by affidavit, the affidavit shall be served with the motion." Thus, the requirement for contemporaneous filing is to ensure "that the other side has adequate

notice [of] and opportunity to respond to such evidence." *Herringdine v. Nalley Equip. Leasing*, 238 Ga. App. 210, 212 (2) (517 SE2d 571) (1999). To such end, "[f]or either party to file affidavits *after the statutory prescribed time* requires a request for extension and leave of the court or a finding of excusable neglect and of an extension by the trial court. [Cits.]" (Emphasis supplied.) Id. at 212-213; see also *Riberglass, Inc. v. ECO Chem. Specialties*, 194 Ga. App. 417, 419 (1) (a) (390 SE2d 616) (1990) ("[T]he requirement of simultaneous filing in OCGA § 9-11-6 (d) is not absolute, and the trial court is authorized to extend the period for filing the movant's affidavits. [Cit.]").

Here, the record shows that Yahoo filed the First Weiss Affidavit with its motion to dismiss on October 13, 2006. Yahoo filed its Second Weiss Affidavit more than eighty days before the hearing, and five days before Alcatraz filed its own affidavit in support of its earlier filed opposition to dismissal. While Yahoo thus filed the Second Weiss Affidavit "after the statutory prescribed time," it is clear that the trial court considered such affidavit upon an apparent extension of the time to file the same. Lack of notice is not here in issue, and the trial court's judgment recites its consideration of the motion, the pleadings, and the argument of the parties. *Riberglass, Inc.*, supra, 194 Ga. App. at 419 (1) (a). Consequently, the Second Weiss Affidavit was not filed in violation of OCGA § 9-11-6 (d), and the trial court's consideration thereof was proper.

(c) Alcatraz further argues that the trial court erred in considering Weiss' oral testimony explaining how certain "screen shots" of its online sign-up process demonstrated Alcatraz's acceptance of the California forum selection clause at its hearing on the motion to dismiss — this because such testimony constituted new evidence. Again, we disagree.

It is within the trial court's discretion, as here, to invite and receive oral testimony at the hearing on a motion. See OCGA § 9-11-43 (b) ("[T]he [trial] court may direct that the matter be heard wholly or partly on oral testimony or depositions."); see also *Franchell v. Clark*, 241 Ga. App. 128, 129 (1) (524 SE2d 512) (1999) ("Plainly, the statute affords the court the option to decide the matter by affidavit or deposition testimony or to decide the motion on the basis of oral testimony."). And while a trial court may refuse to consider oral testimony in circumstances where a party on a motion to dismiss has no inkling of the other party's position and arguments (see *Forest Lakes Home Owners Assn. v. Green Indus.*, 218 Ga. App. 890 (463 SE2d 723) (1995)), this is not such a case. To the contrary, Yahoo filed its First and Second Weiss Affidavits seven and three months, respectively, before the trial court's hearing on its motion. Moreover, unlike the plaintiffs in *Forest Lakes*, Yahoo responded to each of

Alcatraz's briefs in opposition to its motion. Under these circumstances, the trial court did not abuse its discretion in hearing the oral testimony complained of.

2. Alcatraz also contends that the trial court's grant of the motion to dismiss was error because Yahoo failed to meet its burden of proving a lack of jurisdiction. Alcatraz avers that the movant's burden on a motion to dismiss is to show that the plaintiff actually received and accepted a forum selection clause. See *Aero Toy Store*, supra, 279 Ga. App. at 524 (2) (holding that "a defendant who files a motion to dismiss . . . has the burden of proving lack of jurisdiction[, a]nd any *disputes of fact in the written submissions* supporting and opposing the motion to dismiss are resolved in favor of the party asserting the existence of personal jurisdiction") (footnotes omitted; emphasis supplied).

However, as previously indicated, a preliminary hearing as to the defenses of lack of personal or subject matter jurisdiction and improper venue, "whether made in a pleading or by motion may be heard and determined before trial[,] and when the trial judge conducts a hearing on a motion to dismiss or transfer for improper venue, his findings, as a trier of fact, are tested by the any evidence rule." (Footnote omitted.) *Huddle House v. Paragon Foods*, 263 Ga. App. 382, 383 (587 SE2d 845) (2003). Because the trial court decided the instant motion to dismiss on oral testimony *and* the conflicting written submissions of the parties, Alcatraz's reliance on *Aero Toy Store* is misplaced. Given that the Second Weiss Affidavit and the oral testimony complained of constituted some evidence that Alcatraz accepted the instant forum selection clause, no error obtained upon the grant of the motion to dismiss for Yahoo. *Huddle House*, supra, 263 Ga. App. at 383.

*Judgment affirmed. Barnes, C. J., and Smith, P. J., concur.*

DECIDED MARCH 25, 2008 —
RECONSIDERATION DENIED APRIL 9, 2008 — 

*Raley & Sandifer, G. Brian Raley*, for appellants.
*Alston & Bird, Richard R. Hays, Matthew Richardson*, for appellees.