44600. KEMP MOTOR SALES, INC. v. STATHAM.

PANNELL, Judge. 1. "Holder in Due Course. (1) A holder in due course is a holder who takes the instrument (a) for value; and (b) in good faith; and (c) without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person." Section 109A-3—302 of the Georgia Uniform Commercial Code (Ga. L. 1962, pp. 156, 252; *Code Ann.* § 109A-3—302). "A holder takes the instrument for value . . . (b) when he takes the instrument in payment of or as security for an antecedent claim against any person whether or not the claim is due. . ." Section 109A-3—303 of the Georgia Uniform Commercial Code (Ga. L. 1962, pp. 156, 253; *Code Ann.* § 109A-3—303).

2. Where, as in the present case, on the trial of an action upon a check, against the maker thereof who had stopped payment, the evidence demands a finding that the check, on the day it was drawn, was negotiated to the plaintiff as payment on an existing indebtedness owed by the payee to the plaintiff, in good faith, without notice of the maker's defense of failure of consideration, a finding was demanded that the plaintiff holder was a holder in due course and entitled to recover the full amount of the check.

That the holder may not have deposited the check to its credit in a local bank, or deposited the same for collection, prior to acquiring knowledge of the maker's defense of failure of consideration does not control the issue. The trial court, therefore, erred in refusing to direct a verdict in favor of the plaintiff and in subsequently overruling the plaintiff's motion for judgment notwithstanding the verdict.

*Judgment reversed. Quillian and Evans, JJ., concur.*

SUBMITTED JULY 7, 1969—DECIDED SEPTEMBER 30, 1969—
REHEARING DENIED OCTOBER 21, 1969.

*Parker & Smith, James I. Parker,* for appellant.
*Marson G. Dunaway, Jr.,* for appellee.