## 53121. FIRST NATIONAL BANK OF GWINNETT v. BARRETT et al.

BELL, Chief Judge.

The plaintiffs are husband and wife. Their motion for summary judgment was granted in this suit to recover for the unauthorized payment of a check.

The facts are not in dispute. On July 19, 1975, plaintiff husband issued a check in the amount of $1,500 drawn on their joint account in defendant bank which was payable to the order of a third party, Aquatic Industries.

Aquatic deposited the check in the Roswell Bank on the same date and it was credited to Aquatic's account. Aquatic failed to indorse the check and the Roswell Bank also failed to supply Aquatic's missing indorsement as it was authorized to do by UCC § 4-205 (1) (Code § 109A-4—205 (1)). The Roswell Bank indorsed the check and forwarded it to defendant and the latter paid it and debited plaintiffs' account for $1,500. Prior to payment by the defendant, plaintiffs had not issued a stop payment order. *Held:*

Uniform Commercial Code § 4-401 (1) provides: "As against its customer, a bank may charge against his account any item which is otherwise properly payable from that account even though the charge creates an overdraft." Code § 109A-4—401 (1). The question presented is whether this check when presented to defendant was "otherwise properly payable." The answer is that the check was properly payable. It was made payable to the order of a named payee and delivered to the payee. Coinciding with delivery, the check became "properly payable." That characteristic never changed and the payor bank was authorized as against its customer to charge the item to the customer's account. The absence of the payee's indorsement and the failure of the collecting Roswell Bank to supply the missing indorsement as it was authorized to do did not affect the payor bank's right to pay this check and to debit the plaintiffs' account. In absence of the indorsement of the payee the instrument was not transferred by negotiation and any subsequent transferee of the instrument could not acquire the status of a holder in due course. UCC § 3-202 (1) (Code § 109A-3—202 (1)). Although the check was not negotiated, it was transferred from the payee to the Roswell Bank and by Roswell to the defendant bank. There is not the slightest indication that these transfers were void. The Uniform Commercial Code does not prevent transfers of negotiable order paper without indorsement. See UCC § 3-201 (1) (Code § 109A-3—201 (1)). Indeed, where the holder of an instrument payable to order transfers it for value without indorsing it, the transfer vests in the transferee all the title that the transferor had in the paper. The check was payable to the

order of Aquatic by plaintiffs' specific instructions. The Roswell Bank paid the check to Aquatic, the party to whom payment was intended to be made, and when it was presented to the payee bank it was properly payable out of funds plaintiffs had on deposit.

Under these undisputed facts, plaintiffs were not entitled to summary judement.

*Judgment reversed. McMurray and Smith, JJ., concur.*

SUBMITTED JANUARY 17, 1977 — DECIDED JANUARY 31, 1977.

*Webb, Fowler & Tanner, T. Michael Tennant,* for appellant.

*Cobb, Blandford & Werbin, John L. Blandford, James B. Walton,* for appellees.