66525. MUSTIN et al. v. CITIZENS & SOUTHERN NATIONAL BANK.

SHULMAN, Chief Judge.

Appellants issued a check written on their C & S account to Arcadia Builders. The check was subsequently endorsed "For Deposit Only One Hour Martinizing Sidley," and appellant's account was debited the amount of the check. Six weeks later, appellants issued a stop payment order which appellee confirmed. When appellee refused to honor appellants' demand that the amount of the Arcadia check be returned to them, appellants filed suit alleging that the bank's unauthorized payment to "One Hour Martinizing" constituted a breach of the bank-customer agreement, amounted to a conversion, and was negligent conduct. The bank's motions to dismiss for failure to state a claim and for summary judgment were granted, while appellants' motions to strike an affidavit and for summary judgment were denied. This appeal followed.

1. Appellants wished to strike from the record the affidavit of Michael Victor Sidley, who, some three months after executing the affidavit, left Georgia for South Africa and did not return. Appellants maintain that the admissibility of evidence on summary judgment is governed by the rules governing the admissibility of evidence at trial (*Ryle v. Ryle,* 130 Ga. App. 680 (2) (204 SE2d 339)), and argue that since appellant's affidavit would not be admissible at trial if he had not been subjected to cross-examination, it cannot be considered in support of a motion for summary judgment, since he has not been cross-examined by appellants. While it is true that, as the case presently stands, the affidavit would not be admissible at trial, we know of no authority, and we have been cited to none, which holds

that an affiant must be subjected to cross-examination before his affidavit may be considered in support of a motion for summary judgment. No such requirement is statutorily imposed. See OCGA § 9-11-56 (e) (Code Ann. § 81A-156). "On summary judgment the court is concerned only with whether there is a genuine issue of fact for determination and not with the difficulty the [appellee] may have in proving [its] case." *Rigby v. Powell,* 233 Ga. 158 (7) (210 SE2d 696); *Bullock v. Bullock,* 162 Ga. App. 744, 745 (292 SE2d 872). Since it has not been shown that the affidavit was inadmissible for purposes of summary judgment, it was not error to refuse to strike it in its entirety.

2. In his affidavit, Sidley swore that he owned Arcadia Builders and a One Hour Martinizing establishment; that he had received the check in question from appellants; that Arcadia Builders had received the check's proceeds; and that he had negotiated the check on behalf of Arcadia Builders by depositing it in the dry cleaning business' account. Appellants maintain that several portions of the affidavit should have been stricken as conclusions. Since the statements contained in the disputed passages were admitted by appellants in other portions of the record, the refusal to strike portions of the Sidley affidavit, if error, was harmless.

3. Based on the affidavits of Sidley and Rudisail, his partner in Arcadia Builders, and this court's ruling in *First Nat. Bank of Gwinnett v. Barrett,* 141 Ga. App. 161 (233 SE2d 24), summary judgment was properly awarded the bank. The check was "properly payable" under OCGA § 11-4-401 (Code Ann. § 109A-4—401) when it was made payable to a named payee and delivered to that payee. Id., p. 162. Delivery to either of the Arcadia partners constituted delivery to Arcadia. See OCGA § 14-8-61 (Code Ann. § 75-302); *Brady v. Phillips Mule Co.,* 27 Ga. App. 444 (1) (108 SE 809). "Coinciding with delivery, the check became 'properly payable.' That characteristic never changed and the payor bank [appellee] was authorized as against its customer [appellants] to charge the item to the customer's account. The absence of the payee's indorsement and the failure of the collecting [bank] to supply the missing indorsement as it was authorized to do did not affect the payor bank's right to pay this check and to debit the plaintiffs' account. In absence of the indorsement of the payee the instrument was not transferred by negotiation and any subsequent transferee of the instrument could not acquire the status of a holder in due course. UCC 3-202 (1) [OCGA § 11-3-202 (1) (Code Ann. § 109A-3—202)] . . . . The Uniform Commercial Code does not prevent transfers of negotiable order paper without indorsement. See UCC § 3-201 (1) [OCGA § 11-3-201 (1) (Code Ann. § 109A-3—201)]. Indeed, where the holder of an

instrument payable to order transfers it for value without indorsing it, the transfer vests in the transferee all the title that the transferor had in the paper." *First Nat. Bank of Gwinnett v. Barrett,* supra, p. 162. The bank had the statutory right to charge appellants' account for the amount of the check and its actions in so doing did not amount to negligence, conversion, or a breach of the bank-customer agreement. Therefore, summary judgment was appropriately awarded the bank and denied appellants.

4. In light of the conclusions reached in Divisions 1 and 2, we need not determine whether the bank's motion to dismiss was properly granted.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 28, 1983 —
REHEARING DENIED OCTOBER 21, 1983 — 

*Gary C. Harris,* for appellants.
*Charles W. McGrady, Thomas D. Bever,* for appellee.