## A91A0533. LEE v. MULLER.
(407 SE2d 108)

BEASLEY, Judge.

Lee executed two promissory notes in favor of Elrod, who transferred the notes to Muller, who sued Lee for payment of the notes.

Lee moved to dismiss on the ground that the courts of Georgia have no personal jurisdiction over him because he is a nonresident. The trial court denied this motion. Lee also filed a motion for partial summary judgment on the ground that the facts show without dispute that Muller does not have the rights of a holder in due course. The trial court denied the motion and granted Muller's motion for summary judgment. All three rulings are appealed.

Lee, a North Carolina resident, loaned $100,000 to Elrod, a Louisiana resident, in order to form American Energy Consultants, Inc., a Georgia corporation. As security, Lee received 20 percent of the corporate stock. Elrod established temporary residence in Georgia and began operations of AEC.

Lee was informed that certain AEC employees had been terminated, and he became concerned about Elrod's management of the company. As a result, he entered into an agreement to acquire Elrod's interest in AEC for $50,000: $20,000 in cash, a $20,000 promissory note, and a $10,000 promissory note. Lee came to Georgia and closed

the sale of the stock and executed the two promissory notes. The $10,000 note was due and payable 30 days from the date of the closing, and the $20,000 note was due and payable in monthly installments beginning 60 days from the date of the closing. Lee remained in Georgia for several days after his stock purchase but left the state after delegating the responsibility for daily operation of the business to others.

In later examining the records of AEC Lee subsequently discovered certain financial improprieties. Through counsel, Lee advised Elrod not to attempt to transfer the promissory notes. Nonetheless, Elrod assigned the notes to Muller, a business associate of Elrod whom Lee did not know. As the notes became payable, Muller informed Lee in separate letters that Elrod had assigned the notes to him in payment of compensation to Muller in a new business venture of Elrod. Although Muller enclosed copies of the assignments of the notes in the letters, he did not enclose copies of the notes. Lee responded by sending Muller a certified letter informing him that he was not obligated to pay the notes by reason of claims and defenses against Elrod of which Elrod had notice at the time the notes were assigned. Elrod subsequently endorsed the notes to Muller, but there is evidence that Muller did not obtain Elrod's endorsement on the notes until after he had retained counsel, which was after Lee had given notice of his claims and defenses.

1. "There are two methods for transfer of negotiable instruments — negotiation and assignment. 2 Anderson UCC 751, § 3-201:3. However, '(o)nly a negotiation, not an assignment, can constitute a transferee a "holder" of a negotiable instrument.' 11 AmJur2d 337, Bills & Notes, § 312. 'Negotiation is the transfer of an instrument in such form that the transferee becomes a holder. If the instrument is payable to order it is negotiated by delivery with any necessary indorsement. . . . Negotiation 'takes effect only when the indorsement is made. . . .' OCGA § 11-3-201 (3)." *Bank of Danielsville v. Seagraves*, 167 Ga. App. 135, 139 (305 SE2d 790) (1983); see also OCGA § 11-3-202. A transfer without an indorsement is an assignment, and, although the UCC does not prohibit the transfer of commercial paper without an indorsement, the assignee takes subject to any defense which could be raised against the maker. *First Nat. Bank of Gwinnett v. Barrett*, 141 Ga. App. 161 (233 SE2d 24) (1977); *Tallahassee Bank & Trust Co. v. Raines*, 125 Ga. App. 263 (1) (187 SE2d 320) (1972); accord *Christie v. Bassford*, 47 Ga. App. 94 (1) (169 SE 687) (1933). On the other hand, a holder in due course takes free of defenses of which the holder did not have notice. OCGA § 11-3-302 (1) (c); *Kemp Motor Sales v. Statham*, 120 Ga. App. 515 (1) (171 SE2d 389) (1969).

There are material issues of fact on the question of whether

Muller had notice of Lee's defenses prior to Elrod's indorsement of the notes. Consequently, the trial court erred in granting Muller's motion for summary judgment but properly denied Lee's motion for partial summary judgment.

2. As argued by Muller, the court had personal jurisdiction over Lee in this matter under the Long Arm Statute, OCGA § 9-10-91 (1), as one who "[t]ransacts any business within this state." Lee's execution and delivery of the promissory notes and closure of the acquisition of Elrod's interest in AEC, while physically present within the territorial limits of Georgia, were sufficient to constitute the "transacting of any business" in this state. *Davis Metals v. Allen*, 230 Ga. 623, 625-626 (198 SE2d 285) (1973); *Georgia R. Bank & Trust Co. v. Barton*, 169 Ga. App. 821 (315 SE2d 17) (1984).

The trial court correctly denied Lee's motion to dismiss.

*Judgment affirmed in part and reversed in part. Banke, P. J., and Carley J., concur.*

DECIDED JUNE 24, 1991.

*Douglas L. Cronkright*, for appellant.
*Wimberly, Lawson & Cobb, John D. Marshall*, for appellee.