A98A2164. CLAUSS et al. v. PLANTATION EQUITY GROUP, INC. et al.
(512 SE2d 10)

JOHNSON, Chief Judge.

This action involves a property dispute between adjoining landowners. Lawrence and Elizabeth Clauss sued Plantation Equity Group, Inc. ("PEGI"), Fairfield Plantation Property Owners Association, Inc. ("POA"), Ronald Mateja and Susan Mateja, contending the Matejas' dock was located and constructed in violation of Fairfield's restrictive covenants. The trial court granted the Matejas' motion for summary judgment and denied the Clausses' cross-motion for summary judgment. We reverse the trial court's order.

The Clausses and Matejas own adjoining lots in the Fairfield Plantation development, which property is subject to certain restrictive covenants. At the time the action was brought, PEGI owned the water in and land under Treasure Lake, where the dock is located.[1] Fairfield Plantation POA is a non-profit corporation organized to promote the interests of Fairfield property owners and is the current owner of the lake. According to the Clausses, the Matejas failed to obtain approval to construct the dock and failed to comply with an order of PEGI directing them to remove the dock, which are both violations of the "Declaration of Restrictions" governing lots in Fairfield Plantation. The Clausses further allege that the Matejas' dock constitutes a continuing trespass to the use and enjoyment of their property.

The Clausses purchased their lot in 1991. At that time, both the Matejas' dock and the dock built by the Clausses' predecessor were in place. After purchasing their property, the Clausses made inquiries regarding the possibility of expanding their dock, as it was not large enough to accommodate both of their boats. The Clausses also became concerned that the Matejas' dock encroached on their property. The dock issue was addressed in meetings between the Clausses, Matejas and representatives of PEGI and POA. During this time, it was discovered that POA had no evidence that plans had been submitted or approval obtained for the construction of the Matejas' dock, as required by Fairfield's Declaration. Believing approval had not been given, PEGI decided that an equitable arrangement required the Matejas to remove their dock.

Subsequently, the Matejas found the plans which they had submitted for approval and obtained the affidavit of Dan Kaminski stating that he had received the plans and that construction of the Matejas' dock had been approved in 1984, when he was a member of

---

[1] PEGI has since transferred its interest in this property.

the Property Control Committee and had the authority to approve plans presented to the Committee. According to the Matejas, PEGI's general manager then agreed that they would not have to remove the dock. Although the Clausses dispute that the Matejas received this approval, it is undisputed that no further directive was issued ordering removal of the dock.

1. The Clausses first contend that the trial court erred in overruling their motion to strike the affidavits of Susan Mateja and Dan Kaminski and in relying on inadmissible evidence in granting the Matejas' motion for summary judgment. We note at the outset that the Clausses never obtained a ruling on their motion to strike the affidavits. It is incumbent upon the party asserting error to obtain a ruling on his motions or objections, and the failure to do so will ordinarily result in a waiver. See *Ware v. Fidelity Acceptance Corp.*, 225 Ga. App. 41, 42 (1) (482 SE2d 536) (1997).

The trial court's order on the parties' motion and cross-motion for summary judgment is silent on the issues of whether the affidavits or portions of the affidavits were considered. However, the trial court granted summary judgment to the Matejas because the evidence showed they obtained approval for their dock and because the evidence showed the Matejas' dock fell within their property lines. This evidence came from the two affidavits. Therefore, the trial court implicitly overruled at least portions of the Clausses' motion to strike the affidavits. We will consider their enumeration of error with respect to those portions of the two affidavits necessary to the trial court's ruling on the motion and cross-motion for summary judgment. A trial court's decision overruling an objection to tendered evidence is a matter resting within the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion. See *Williams v. Terry*, 197 Ga. App. 209 (1) (398 SE2d 239) (1990); *West v. Nodvin*, 196 Ga. App. 825, 827 (2) (b) (397 SE2d 567) (1990).

(a) *The affidavit of Dan Kaminski.* According to the affidavit, Kaminski was a member of the Property Control Committee in 1984 and had the authority to approve or disapprove all plans submitted to the Committee. He states that he "received, reviewed, and approved, by affixing my signature to the letter to the POA dated March 30, 1984, from Ronald and Susan Mateja, the construction and location of a pier as illustrated on the Plat of Survey attached to the above referenced letter."

The Clausses argue this affidavit is legally insufficient based on three grounds. We need address only one: Kaminski's affidavit is legally insufficient because it is merely a copy and not the original affidavit. The affidavit included in the record on appeal is labeled "original copy 2 of 2" and does not contain original signatures. In addition, the Carroll County Clerk's office has indicated that the

original affidavit was not filed in this case. OCGA § 9-11-56 (e) provides that the original affidavit must be filed with the court, with copies served on opposing parties. Since the trial court could not consider the copy of Kaminski's affidavit, it could not use the affidavit as evidence that plans for the Matejas' dock were approved or as authentication for the approval notation on the March 30, 1984 letter.

(b) *The affidavit of Susan Mateja.* In paragraph 6 of this affidavit, Susan Mateja states in part that plans for dock construction were submitted to, and approved by, the Property Control Committee of the Fairfield Plantation POA. The Clausses argue that this paragraph contains hearsay because the statement regarding approval derives its value solely from the credit of the person or persons allegedly communicating the approval to Mateja. See OCGA § 24-3-1. We agree. While Susan Mateja's statement that plans for the dock construction were submitted is based on her own personal knowledge, her statement regarding approval is hearsay. Her only knowledge regarding any approval came from a source who told her about such approval. The trial court erred in considering this evidence regarding approval.

The Clausses argue that Exhibit B to Susan Mateja's affidavit, the March 30, 1984 letter purportedly approved by Kaminski, should be excluded as hearsay. While the contents of the letter itself are not hearsay because the Matejas have personal knowledge of the statements they themselves wrote, the "approval" notation on the letter is hearsay. In addition, the notation has not been authenticated because, as previously stated, Kaminski's affidavit was legally insufficient. It was error for the trial court to consider this evidence of approval.

Exhibit I to Susan Mateja's affidavit is a letter that was sent from the president of PEGI to the Matejas indicating that the Matejas' dock fell within their property lines. Clearly, this letter is hearsay. It is being offered for the truth of the matter asserted, and no exception to the hearsay rule has been presented. The trial court erred in considering this evidence in ruling on the trespass claim.

2. Based on the admissible evidence in the record, the trial court erred in granting summary judgment to the Matejas. There is no admissible evidence presented regarding approval of the Matejas' dock or that the Matejas' dock is located solely within their property lines. On appeal of the grant of summary judgment, this Court applies a de novo review of the evidence to determine whether any question of material fact exists. *Moore v. Food Assoc.*, 210 Ga. App. 780 (437 SE2d 832) (1993). Summary judgment is appropriate where the moving party can show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.

OCGA § 9-11-56 (c). The Matejas failed to carry this burden based on the evidence submitted.

3. The trial court correctly ruled that the Clausses were not entitled to summary judgment. Based on the record before us, the Clausses have not carried their burden of proof regarding whether the Matejas' dock was located and constructed in violation of Fairfield Plantation's restrictive covenants.

*Judgment affirmed in part and reversed in part. Smith and Barnes, JJ., concur.*

DECIDED FEBRUARY 3, 1999 —
RECONSIDERATION DENIED FEBRUARY 18, 1999.

*Stevens & Associates, Ronald S. Stevens, James B. McClung*, for appellants.

*Sutton & McCreary, Timothy A. McCreary, Johnson, Dangle & Parmer, Thomas E. Parmer*, for appellees.