## A99A1411. PASS v. BOUWSMA.
### (522 SE2d 484)

ELDRIDGE, Judge.

On January 5, 1996, at around 6:30 p.m., while drinking a beer that he brought, Don Kent Glenn, defendant, arrived at the house of Michelle Bouwsma, defendant-appellee. While Glenn was at Bouwsma's home, Bouwsma had a mixed drink, but did not give, sell, or furnish Glenn any additional alcohol of any kind. In fact, Bouwsma did not purchase, provide, or furnish Glenn any alcohol at any time that evening. Bouwsma testified that Glenn never appeared to her "in a state of noticeable intoxication" at any time that evening.

Around 7:00 p.m., Glenn and Bouwsma left to go eat. They were in Glenn's truck, and Glenn was driving. Glenn had a cooler of beer on the floorboard of his truck, but Bouwsma denied that she exercised any control over the beer; that she furnished or purchased any beer; or that she handed Glenn any beer. En route, Glenn purchased beer with his own money, and Bouwsma drank one. They ended up at Allen's Hamburgers, where Glenn shot pool and Bouwsma drank another beer. They then went to Fox's, a bar, where Glenn purchased mixed drinks for both of them. Between 9:30 p.m. and 10:00 p.m., they left to return to Bouwsma's home; on the way, Bouwsma fell asleep while Glenn drove.

While traveling east on Georgia Highway 72, Glenn ran off the road on a curve, traveled along the shoulder, crossed over the centerline, and struck a vehicle in which Alethea Michelle Pass was a passenger. Pass was killed in the collision. At the time of her death, she was seven months pregnant, and the unborn baby died also.

Nellie Ruth Pass, plaintiff-appellant, administrator of the estate of Alethea Michelle Pass, brought an action against Bouwsma for wrongful death of the unborn child. She contended that Bouwsma provided, furnished, or sold alcohol to Glenn while he was in an obvious state of intoxication.

Bouwsma brought a motion for summary judgment supported by her affidavit. Plaintiff filed no evidence in opposition to the motion. On December 16, 1998, summary judgment was granted to Bouwsma. Plaintiff filed her notice of appeal.

Plaintiff contends that the trial court erred in granting Bouwsma's motion for summary judgment by relying on a self-serving affidavit when there was no other evidence produced in support of the motion. We do not agree.

1. Plaintiff contends that the defendant's affidavit should be stricken because it is nothing more than a self-serving verification of her answer. See *McLeod v. Westmoreland*, 117 Ga. App. 659 (161 SE2d 335) (1968).

OCGA § 9-11-56 (e) sets forth a codification of the common law standards for affidavits and mandates compliance in summary judgments. *McPherson v. McPherson*, 238 Ga. 271 (232 SE2d 552) (1977). "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in the evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." OCGA § 9-11-56 (e); see also *McPherson v. McPherson*, supra; *Summer v. Allison*, 127 Ga. App. 217 (193 SE2d 177) (1972).

Affidavits that fail to minimally comply must be disregarded. *Oglesby v. Farmers Mut. Exchange*, 128 Ga. App. 387 (196 SE2d 674) (1973). Where only a portion of an affidavit is in compliance, only such portion may be considered. *Vickers v. Chrysler Credit Corp.*, 158 Ga. App. 434 (280 SE2d 842) (1981); *Short & Paulk Supply Co. v. Dykes*, 120 Ga. App. 639 (171 SE2d 782) (1969). A timely and properly made motion to strike may be properly considered by the trial court. *Ford v. Ga. Power Co.*, 151 Ga. App. 748 (261 SE2d 474) (1979).

The trial court implicitly ruled upon and denied plaintiff's motion to strike Bouwsma's affidavit, because the order mentions plaintiff's attack on the affidavit as being merely a verification of the answer. The trial court went on to rule that "the affidavit describes the events of the evening in question in some detail." We agree that the affidavit provides precise, first-hand testimony of specific facts as to what transpired that evening, so that the affidavit passed the requirements of OCGA § 9-11-56 (e). See also *Worley v. Pierce*, 211 Ga. App. 863 (440 SE2d 749) (1994). Unlike the party's affidavit in *Speir v. Krieger*, 235 Ga. App. 392, 398 (2) (509 SE2d 684) (1998), Bouwsma's affidavit was factually detailed, relevant, material, and negated the essential elements of plaintiff's case.

Affidavits in support of summary judgment are not subject initially to cross-examination. *Norton v. Ga. R. Bank &c. Co.*, 248 Ga. 847 (285 SE2d 910) (1982), aff'd, 253 Ga. 596 (322 SE2d 870) (1984). A movant for summary judgment does not have to be subject to cross-examination before his affidavit may be considered in support of a motion for summary judgment. *Mustin v. C & S Nat. Bank*, 168 Ga. App. 549 (309 SE2d 822) (1983). Under discovery, plaintiff had an opportunity to cross-examine the defendant on deposition, but failed to exercise such right; therefore, the affidavit is not subject to attack on such basis.

2. Bouwsma's affidavit pierced plaintiff's complaint, which was based solely upon OCGA § 51-1-40 (b), i.e., liability for selling, fur-

904

nishing, or serving alcoholic beverages to a person in a state of noticeable intoxication. In her affidavit, Bouwsma expressly denied that Glenn was ever in a state of noticeable intoxication and that she ever sold, furnished, or served any alcoholic beverage to him. Thus, Bouwsma showed that two essential elements of the cause of action under OCGA § 51-1-40 (b) could not be met by the plaintiff. See *Kappa Sigma Intl. Fraternity v. Tootle*, 221 Ga. App. 890, 893 (473 SE2d 213) (1996). Therefore, she conclusively negated at least one essential element of plaintiff's cause of action. *Goodwin v. Mullins*, 122 Ga. App. 84 (176 SE2d 551) (1970). The burden of coming forward with any evidence to create a material issue of fact for the jury shifted to the plaintiff. OCGA § 9-11-56 (e); *Richards v. Tolbert*, 232 Ga. 678 (208 SE2d 486) (1974). Plaintiff filed no affidavit or other evidence to contravene Bouwsma's affidavit and to create a jury question so as to defeat summary judgment. See *Greene v. Fulton-DeKalb Hosp. Auth.*, 177 Ga. App. 499 (339 SE2d 770) (1986). Therefore, defendant was entitled to the grant of summary judgment when plaintiff's attack on Bouwsma's affidavit failed. See *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED SEPTEMBER 10, 1999.

*John R. Burdges, Anthony J. Morgese*, for appellant.
*Blasingame, Burch, Garrard, Bryant & Ashley, Andrew J. Hill III, Josh B. Wages*, for appellee.