A99A0790. ALFRED v. THE RIGHT STUFF FOOD STORES, INC.
(525 SE2d 717)

ANDREWS, Presiding Judge.

Michael Alfred, shot by an assailant outside The Right Stuff Food Stores, Inc. (Right Stuff) convenience store, appeals from the trial court's grant of summary judgment to the defendant on his premises liability claim and his nuisance claim. Alfred was using a pay phone outside the store when the assailant attempted to carjack him. Alfred attempted to escape and was shot by the assailant.

This Court reviews de novo a trial court's grant of summary judgment. *Jackson v. Post Properties*, 236 Ga. App. 701 (513 SE2d 259) (1999).

> To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). A defendant may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. . . . [T]he burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue.

*Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

1. Alfred contended that, due to numerous other crimes committed on the store's premises or in the surrounding neighborhood, Right Stuff had the requisite knowledge under *Doe v. Prudential-Bache/A.G. Spanos Realty &c.*, 268 Ga. 604 (492 SE2d 865) (1997) and *Sturbridge Partners, Ltd. v. Walker*, 267 Ga. 785 (482 SE2d 339) (1997).

The burden is on the party alleging error to show it affirmatively by the record, and where the proof necessary to determine the issues on appeal is not contained in the record, this Court must assume the judgment below was correct. *Tahamtan v. Sawnee Elec. Membership Corp.*, 228 Ga. App. 485 (491 SE2d 918) (1997).

The only item in the record before us relating to these incidents is a chart, prepared by Alfred's attorney, summarizing police reports of these incidents and the admission by Right Stuff that "on or before June 13, 1993[, the date of Alfred's shooting], three armed robberies occurred against employees of the store in question but none of said incidents occurred outside of the store or against store patrons." By order of February 23, 1998, the trial court analyzed each incident included in the chart, found each inadmissible under the *Sturbridge* standard, and granted Right Stuff's motion in limine concerning them.[1]

In addition to the court's conclusion regarding lack of similarity, there is another reason for concluding that Alfred did not meet his burden under *Lau's Corp.* On summary judgment, " '[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in the evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.' [Cits.]" *Pass v. Bouwsma*, 239 Ga. App. 902, 903 (522 SE2d 484) (1999).

Here, not only were no affidavits filed, but the chart is at best hearsay, OCGA § 24-3-1, probative of nothing. *Clauss v. Plantation Equity Group*, 236 Ga. App. 522, 524 (1) (b) (512 SE2d 10) (1999); *Southern Co. v. Hamburg*, 220 Ga. App. 834, 842 (5) (470 SE2d 467) (1996). The admission lacks any specifics and does not provide facts necessary to create a triable issue.

There being no admissible evidence in the record of these other incidents, Alfred has failed to come forth with specific evidence giving rise to a triable issue. A grant of summary judgment will be affirmed if it is right for any reason. *Phinazee v. Interstate Nationalease*, 237 Ga. App. 39, 40 (514 SE2d 843) (1999).

2. In his second enumeration, Alfred claims error in the trial court's conclusion that his added claim for nuisance was barred by the statute of limitation and that the 40 other crimes were not admissible regarding the nuisance claim.

The original complaint was filed in 1993, alleging only negligence in keeping the premises safe. That action was dismissed without prejudice and refiled pursuant to OCGA § 9-2-61 on March 13,

---

[1] Although a certificate of immediate review was granted by the trial court, interlocutory review was denied by this Court.

1996, alleging the same claims as in the original complaint. On October 9, 1996, Alfred amended his complaint to add a claim of nuisance, which the defendant contended was barred by OCGA § 9-3-3, the two-year statute of limitation.

We agree with the trial court that such a claim is barred by the statute of limitation because it is a different claim from that included in the renewed suit. See *Collins v. Byrd*, 204 Ga. App. 893, 895 (2) (420 SE2d 785) (1992); *Heyde v. Xtraman, Inc.*, 199 Ga. App. 303, 304 (1) (404 SE2d 607) (1991); *Wagner v. Casey*, 169 Ga. App. 500, 501 (2) (313 SE2d 756) (1984); *Speer, Inc. v. Manis*, 164 Ga. App. 460, 461 (297 SE2d 374) (1982).

*Judgment affirmed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED NOVEMBER 18, 1999 —
RECONSIDERATION DENIED DECEMBER 8, 1999 —

*Bauer & Deitch, Gilbert H. Deitch, George H. Connell, Jr.*, for appellant.

*Fain, Major, Wiley & Brennan, Charles A. Wiley, Jr., Brian H. Alligood*, for appellee.