A05A0452. SCOGGINS v. KIA MOTORS AMERICA, INC.
(612 SE2d 823)

BLACKBURN, Presiding Judge.

Brandi Scoggins appeals the trial court's denial of her petition for fees and costs following a verdict in her favor under the Magnuson-Moss Warranty Act (the "Act"). For the reasons set forth below, we affirm.

The record shows that in Scoggins's underlying action against Kia Motors America, Inc. ("Kia") for breach of written and implied warranties under the Act, 15 USC § 2301 et seq., a Cobb County jury returned a verdict in favor of Scoggins and awarded her $16,000 in damages. Subsequently, Scoggins filed a petition for fees and costs under 15 USC § 2310 (d) (2), the fee shifting provision of the Act. That section provides:

> If a consumer finally prevails in any action brought under paragraph (1) of this subsection, he may be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of cost and expenses (including attorney[ ] fees based on actual time expended) determined by the court to have been reasonably incurred by the plaintiff for or in connection with the commencement and prosecution of such action, unless the court in its discretion shall determine that such an award of attorney[ ] fees would be inappropriate.

After the trial court denied Scoggins's petition in its entirety, Scoggins moved the trial court to reconsider its ruling or, in the alternative, to allow her to amend the fee petition so as to include additional evidence in support of the petition. The trial court denied this motion, and this appeal follows.

---

1. Scoggins contends that the trial court erred in denying her petition for attorney fees and costs. This Court will not reverse a trial court's decision not to award attorney fees under the Act unless there has been a clear abuse of discretion by the trial court. *Sharpe v. Gen. Motors Corp.*[1]

"It is well established that to recover attorney fees both their actual cost and their reasonableness must be shown." *Santora v. American Combustion.*[2] Thus, "[a]n award of attorney fees is unauthorized if [Scoggins] failed to prove the actual costs of [her] attorneys and the reasonableness of those costs." (Punctuation omitted.) *Southern Co. v. Hamburg.*[3]

Scoggins's petition sought a total of $15,832.50 in attorney fees and costs: $13,335 to cover the work of four attorneys at an hourly rate of $175; $2,422.50 for the work of six paralegals at an hourly rate of $95; and $75 in filing fees. In support of her request, Scoggins offered two items of evidence. The first was the affidavit of Alex Simanovsky, a Georgia attorney specializing in breach of warranty and lemon law actions. As the trial court noted in its order, this "purported affidavit was not an affidavit at all. Instead, it is a copy of a document, with no original signatures affixed." Because the document was a copy and not the original affidavit, it was legally insufficient and could not be considered by the trial court as evidence of the reasonableness of Scoggins's attorney fees request. *Clauss v. Plantation Equity Group.*[4]

Even if the affidavit had been an original document, it was nonetheless insufficient to satisfy Scoggins's burden of showing that the $175-an-hour fees of the attorneys and the $95-an-hour fees of the paralegals were actual and reasonable. First, Simanovsky's affidavit was executed on May 30, 2002, more than four months before the case was filed on October 3, 2002. Thus, it could not support any representation as to actual costs incurred.

Second, Simanovsky states that he is familiar "with the hourly rates charged by other consumer advocates in the South" and that "the typical hourly rate charged by a consumer advocate within the South ranges from $175.00 an hour to over $200.00 an hour." This testimony, as the trial court found, "provides no information regarding a reasonable hourly rate for attorneys practicing in Cobb County."

Simanovsky's affidavit also confines itself to stating that he is "familiar with [the senior attorney's] experience and expertise in the

---

[1] *Sharpe v. Gen. Motors Corp.*, 198 Ga. App. 313, 315 (6) (401 SE2d 328) (1991).

[2] *Santora v. American Combustion*, 225 Ga. App. 771, 774 (3) (485 SE2d 34) (1997).

[3] *Southern Co. v. Hamburg*, 220 Ga. App. 834, 842 (5) (470 SE2d 467) (1996).

[4] *Clauss v. Plantation Equity Group*, 236 Ga. App. 522, 523-524 (1) (a) (512 SE2d 10) (1999).

field of consumer litigation" and that "[t]he hourly rate sought by [the senior attorney] of $200.00 an hour is reasonable for his level of experience and expertise." This statement, as the trial court also noted, "provides no information regarding a reasonable hourly rate for three of plaintiff's four attorneys."

Finally, Simanovsky's affidavit provides no information at all about the reasonableness of the hourly rate of the paralegals who worked on the case. It is clear, then, that the trial court did not abuse its discretion in denying Scoggins's petition for attorney fees.

The second item of evidence offered by Scoggins in support of her request for attorney fees and costs was the *Laffey* Matrix. The *Laffey* Matrix, which has its origins in the District of Columbia case *Laffey v. Northwest Airlines*,[5] "is a rate schedule established by the United States Department of Justice that establishes what the department believes to be a reasonable rate for corresponding legal experience in Washington, D.C." *American Canoe Assn. v. United States Environmental Protection Agency.*[6] The trial court held that "the *Laffey* Matrix does not apply to this case because (1) it is based on federal law to which the Court is not bound, and (2) it provides hourly rates only for attorneys and paralegals practicing in Washington, D.C., not Cobb County (which is the relevant community)." We agree.

Scoggins argues that the *Laffey* Matrix should apply because the attorneys in *Laffey* and her own attorneys were practicing federal law. However, the Act, though a federal statute, "merely relates to *damages*, not liability, and provides for consumers' recovery of costs and attorney's fees in successful actions for breaches of warranty *under state law*." (Emphasis in original.) *Sharpe*, supra at 314 (3). See also *McDonald v. Mazda Motors of America*[7] ("[t]he Magnuson-Moss Warranty Act creates no claims except for attorney fees and relies upon state law to create and define implied warranties, breach, and some kinds of damages; the Act limits the content of written disclaimers and allows certain remedies and damages not available under state law"). Scoggins's claims were for breach of written warranty and breach of implied warranty brought under the Uniform Commercial Code and Georgia statutory law. Thus, Scoggins's attorneys were not practicing federal law for purposes of applying the *Laffey* Matrix.

Equally importantly, the *Laffey* Matrix applies only to attorneys practicing in the federal courts in the District of Columbia. Scoggins has failed to show that Washington, D.C. and Cobb County are in the

---

[5] *Laffey v. Northwest Airlines*, 572 FSupp. 354 (D. D.C. 1983).

[6] *American Canoe Assn. v. United States Environmental Protection Agency*, 138 FSupp.2d 722, 740 (E.D. Va. 2001).

[7] *McDonald v. Mazda Motors of America*, 269 Ga. App. 62, 64 (603 SE2d 456) (2004) (physical precedent only).

same legal market and that the hourly rates charged by attorneys practicing in the District are reasonable rates for attorneys practicing in Cobb County. See *American Canoe Assn.*, supra at 741 (holding that use of *Laffey* Matrix is inappropriate where plaintiffs failed to show that Washington, D.C. and Alexandria, Virginia which is located only five miles from downtown Washington, D.C., are in the same legal market). Clearly, the *Laffey* Matrix has no application in this case.

2. Scoggins next argues that the trial court erred in not allowing her to amend her fee petition or, in the alternative, in not reconsidering its order when faced with additional foundational evidence to support the reasonableness of the request for attorney fees. We find no error.

"OCGA § 9-11-6 (d) provides that, absent an extension of time authorized by the court, opposing affidavits must be served no later than one day before the hearing on the motion. While the trial court is vested with discretion to consider affidavits not timely filed, the refusal to exercise that discretion is not error." *Empire Shoe Co. v. NICO Indus.*[8] In this case, we cannot say that the trial court abused its discretion in refusing to consider Scoggins's additional affidavits.

As noted above, "[i]t is well established that to recover attorney fees both their actual cost and their reasonableness must be shown." *Santora*, supra at 774 (3). Scoggins is charged with knowledge of this well-established evidentiary standard and has not shown why she should be excused from complying with the standard. A hearing was held on the petition for attorney fees during which Kia pointed out the deficiencies in the evidence Scoggins presented to support the petition. Scoggins, however, did not seek permission from the court to submit additional affidavits at that time but instead insisted that her evidence was sufficient. Only after the trial court issued an order denying her fee petition did Scoggins move for permission to supplement her petition with additional affidavits. Under these circumstances, the trial court did not abuse its discretion in denying Scoggins's motion.

Scoggins points out that the Act is a consumer protection statute designed to help aggrieved consumers obtain relief for defective warranted products and argues that "the trial court was remiss in flatly refusing Appellant the ability to amend her Fee Petition so that her counsel could be compensated for furthering public interests." We acknowledge the public policy considerations behind the Act, but such considerations do not relieve Scoggins of the burden of providing sufficient evidentiary support for her petition. Accordingly, the trial

---

[8] *Empire Shoe Co. v. NICO Indus.*, 197 Ga. App. 411, 416 (4) (398 SE2d 440) (1990).

court did not abuse its discretion in refusing to allow Scoggins to amend her fee petition or, in the alternative, to grant her motion for reconsideration.

*Judgment affirmed. Miller and Bernes, JJ., concur.*

DECIDED MARCH 25, 2005.

*Krohn & Moss, Amy M. Budow, Eric S. Fortas*, for appellant.
*King & Spalding, Jacob E. Daly, Franklin P. Brannen, Jr.*, for appellee.