## A07A2052. LATIMORE v. CITY OF ATLANTA.

(656 SE2d 222)

RUFFIN, Judge.

Andre Latimore appeals the trial court's grant of summary judgment to the City of Atlanta and denial of his cross-motion for summary judgment in his claim against the City for allegedly failing to pay him proper overtime pay. For reasons that follow, we affirm.

We conduct a de novo review of the trial court's ruling on summary judgment, viewing the evidence and all reasonable inferences and conclusions drawn from it in a light favorable to the nonmoving party.[1] Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.[2] A defendant is entitled to summary judgment if it can demonstrate that there is no evidence to create a jury issue on at least one essential element of the plaintiff's case.[3] A defendant need not affirmatively disprove the plaintiff's case, "but may prevail simply by pointing to the lack of evidence. If the defendant does so, the plaintiff cannot rest on his pleadings, but must point to specific evidence that gives rise to a triable issue of fact."[4]

Here, the record reflects that Latimore worked for the City as an aviation maintenance mechanic. He filed a pro se complaint alleging that the City did not properly calculate overtime pay due to him. Specifically, Latimore contends that the City did not pay him a "shift differential" when he worked overtime on the second or third shift, which have higher base pay rates than the first shift. The City moved for summary judgment on the grounds that Latimore failed to introduce specific evidence that the City did not pay him properly and that Latimore's claim is preempted by the Fair Labor Standards Act

---

[1] See *Alfred v. Right Stuff Food Stores*, 241 Ga. App. 338 (525 SE2d 717) (1999).

[2] See id.

[3] See id.

[4] *Walden v. Burke*, 282 Ga. App. 154, 155 (637 SE2d 859) (2006).

("FLSA").[5] Latimore also moved for summary judgment. The notice of appeal indicates that there was no hearing on these motions. In a three sentence order, the trial court granted the City's motion for summary judgment — without stating on which ground it based its ruling — and denied Latimore's motion. This appeal ensued.

1. Preliminarily, we note that the City's brief contains no citations to the record in its statement of the procedural history of the case, and only one citation to the record in its statement of facts. We remind counsel that it is not the job of the Court of Appeals to cull the record on behalf of a party, and that a lack of proper citations greatly hinders our consideration of the issues on appeal.[6]

2. The crux of Latimore's claim is that the City did not properly calculate overtime pay due to him pursuant to certain City ordinances. While Latimore attached copies of various municipal ordinances to his pleadings, none of the copies of the municipal ordinances or other documents upon which Latimore relies was certified.

"Evidence offered on motion for summary judgment is held to the same standards of admissibility as evidence at trial, and evidence inadmissible at trial is generally inadmissible on motion for summary judgment."[7] In order to demonstrate that a jury issue exists for trial, Latimore must establish the provisions of the municipal ordinances under which he seeks to recover.[8] Neither this court nor the trial court may take judicial notice of municipal ordinances; "[they] must be alleged and proved by production of the original or of a properly certified copy."[9] Because neither originals nor properly certified copies of the municipal ordinances at issue appear in the record, we cannot consider these ordinances in our evaluation of the motions for summary judgment.[10] And we cannot consider Latimore's

---

[5] The City appears to have abandoned its preemption argument on appeal. While Latimore's complaint mentions the FLSA, his chief claim seems to be for breach of his employment agreement with the City by failing to comply with applicable City ordinances. See, e.g., *Willis v. City of Atlanta*, 265 Ga. App. 640, 642 (2) (595 SE2d 339) (2004) (municipal employee's claim seeking to recover wages sounds in contract).

[6] See *Patterson v. Lopez*, 279 Ga. App. 840, 841 (2) (632 SE2d 736) (2006).

[7] *HCP III Woodstock, Inc. v. Healthcare Svcs. Group*, 254 Ga. App. 242, 244 (562 SE2d 225) (2002).

[8] See, e.g., *City of Atlanta v. Miller*, 256 Ga. App. 819, 820 (2) (569 SE2d 907) (2002) (claim against city for improperly calculated back pay requires analysis of ordinance).

[9] *Monterey Community Council v. DeKalb County Planning Comm.*, 281 Ga. App. 873, 875 (1) (637 SE2d 488) (2006); see *City of St. Marys v. Fulford*, 286 Ga. App. 506, 507 (649 SE2d 807) (2007) (" 'It is well established by numerous decisions of this court that judicial notice can not be taken by the superior court or this court of city or county ordinances, but they must be alleged and proved.' ").

[10] See *Fulton Greens, Ltd. Partnership v. City of Alpharetta*, 272 Ga. App. 459, 461, n. 9 (612 SE2d 491) (2005).

unsworn statements in the pleadings, as "[a]ssertions of fact contained in the briefs of the parties do not, standing alone, constitute competent evidence for the resolution of a summary judgment issue."[11] Because there is no admissible evidence in the record of the ordinances — and thus no evidence that Latimore did not receive proper overtime pay pursuant to those ordinances — he has failed to come forward with evidence sufficient to create a jury issue on an essential element of his claim.[12] We therefore affirm the trial court's grant of summary judgment to the City and denial of Latimore's motion for summary judgment.

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED JANUARY 2, 2008

Andre M. Latimore, *pro se.*
Laura Sauriol-Broward, Robert N. Godfrey, for appellee.

---

[11] (Punctuation omitted.) *Patellis v. 100 Galleria Parkway Assoc.*, 214 Ga. App. 154, 155 (3) (447 SE2d 113) (1994).
[12] See *Alfred*, supra at 339 (1).
[1] (Punctuation omitted.) *Smith Svc. Oil Co. v. Parker*, 250 Ga. App. 270 (549 SE2d 485) (2001).
[2] See *Homes of Ga.v. Humana Employers Health Plan of Ga.*, 282 Ga. App. 802, 804 (640 SE2d 313) (2006).
[3] See id.