**FIRST DIVISION**
**BARNES, P. J.,**
**GOBEIL and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**June 20, 2024**

# In the Court of Appeals of Georgia

A24A0092. RAFAC v. JIANGSU LINHAI POWER MACHINERY
GROUP CORPORATION.

GOBEIL, Judge.

This is the third appearance of this case before this Court. See *Rafac v. Jiangsu Linhai Power Machinery Group Corp.*, 357 Ga. App. 551 (851 SE2d 185) (2020) ("*Rafac I*"); *Rafac v. Jiangsu Linhai Power Machinery Group Corp.*, 363 Ga. App. 782 (872 SE2d 764) (2022) ("*Rafac II*"). The instant appeal concerns whether plaintiff James A. Rafac properly served defendant Jiangsu Linhai Power Machinery Group Corporation ("Jiangsu") by personally serving Ronald Ho,[1] the registered agent for Sunright International of America, Inc. ("Sunright"), a corporation that imported and

---

[1] Ho's name is listed alternatively in the record as "Robert Ho," "Ronald Ho," and "Rurong He." For ease of reference, we refer to this individual as "Ho."

distributed Jiangsu's products in the United States. The trial court concluded that Rafac had failed to properly effect service and dismissed his complaint against Jiangsu. On appeal, Rafac argues that the trial court erred by considering Ho's untimely deposition testimony. For the reasons explained below, we affirm.

> A trial court's finding of insufficient service of process will be upheld on appeal absent a showing of an abuse a discretion. Such an abuse occurs where the trial court's ruling is unsupported by any evidence of record or where that ruling misstates or misapplies the relevant law. The trial court resolves factual disputes regarding service, and we will uphold the court's findings if there is any evidence to support them.

*Parsons v. Mertz*, 320 Ga. App. 786, 788 (1) (740 SE2d 743) (2013) (citations and punctuation omitted).

As set forth in *Rafac I*,

> [t]he record shows that in April 2014, Rafac was allegedly involved in an all-terrain vehicle accident in Panama. On June 14, 2017, Rafac filed suit against Jiangsu and numerous other parties in connection with the accident. Rafac indicated that his civil suit was a renewal action, as his previous lawsuit was voluntarily dismissed. The record contains a sheriff's return of service, filed on June 21, 2017, indicating that a sergeant served Jiangsu by leaving a copy of the action and summons

2

with "Robert Ho, Agent," at 1715 Lakes Parkway in Lawrenceville, Georgia.

357 Ga. App. at 552 (footnote omitted). After Jiangsu failed to file responsive pleadings, Rafac moved for entry of default judgment, and argued that service on Ho was sufficient because "Jiangsu had designated Sunright [ ], through its principal Ronald Ho, as its agent for accepting service of process." Id. Along with his motion, Rafac filed a document entitled "Appointment of Agent for Service of Process on a Foreign Manufacturer," which stated that, pursuant to the National Traffic and Motor Vehicle Safety Act, Jiangsu had appointed Sunright [ ] as its agent for service of process. Id.

Jiangsu filed a special appearance and answer and moved to dismiss the complaint based on insufficient service. Id. In response, Rafac filed an affidavit in which he averred that Ho is the president and CEO of Sunright, and Rafac had observed Ho accept service for various legal matters against Jiangsu. *Rafac I*, 357 Ga. App. at 553. Rafac claimed he had personal knowledge of these facts based on his role as Vice President of Sunright. The trial court granted Jiangsu's motion to dismiss based on its findings that the "Appointment of Agent for Service of Process on a

3

Foreign Manufacturer" form that Rafac had filed was unreliable because it was neither dated nor signed; Rafac's affidavit did not provide "sufficient evidence"; and service on Sunright was not sufficient to constitute service on Jiangsu. Id.

Rafac appealed, arguing that the trial court committed reversible error by placing the initial burden of establishing valid service on him, rather than assigning the burden to Jiangsu to establish insufficient service. *Rafac I*, 357 Ga. App. at 553. In *Rafac I*, we concluded that the trial court had incorrectly shifted the burden of proof from Jiangsu to Rafac, vacated the dismissal order, and remanded the case for the trial court to reconsider Jiangsu's motion to dismiss under the proper legal standard. Id. at 555-556. After our decision in *Rafac I*, the trial court imposed a January 22, 2021 deadline for Jiangsu to submit additional evidence and argument in support of its motion to dismiss.

In our subsequent decision in *Rafac II*, we explained that

[o]n remand, the parties presented competing affidavits regarding Ho's authority to accept service of process for Jiangsu. Rafac presented the affidavit of Ho, in which he stated that he was Sunright's CEO, president, and registered agent; that Sunright was at the time of the complaint the importer and distributor of all-terrain vehicles manufactured by Jiangsu; and that he has accepted service of process for

4

> Jiangsu as part of the regular business practice between Sunright and Jiangsu. As evidence of his authority to accept service, Ho attached to his affidavit a signed and dated copy of the "Appointment of Agent for Service of Process on a Foreign Manufacturer" form[.]

363 Ga. App. at 784 (1). In his affidavit, Ho described that he was a person responsible for keeping the business records for Sunright, and the form attached to his affidavit was a true and correct copy of Sunright's business records and information. Id. at 785 (1). In response,

> Jiangsu presented the affidavit of its director and general manager, Lu Ying. Therein, Lu testified that Ho was not Jiangsu's registered agent; that Jiangsu "has never intended for Ho to accept service of process for litigation summons and complaints on behalf of Jiangsu"; that the appointment form discussed above "does not authorize Ho to accept service of process for litigation summons and complaints on behalf of Jiangsu"; and that Lu was "not aware of any litigation summons or complaint that have been accepted by Ho on behalf of Jiangsu."

Id. (punctuation omitted). The trial court again dismissed Rafac's complaint, finding

> that Jiangsu had met its burden of showing improper service by clear and convincing evidence, pointing to Lu's affidavit and to documents from the office of Georgia's Secretary of State showing that Ho was not Jiangsu's registered agent in Georgia. In the order, the trial court acknowledged Ho's testimony "that he was the appointed agent for

5

service of process on a foreign manufacturer, for the purposes of the National Traffic and Motor Vehicle Safety Act." But the trial court held that, "although Ho testified that he accepted service on behalf of Jiangsu, he did not show that he was its *registered* agent, for the purposes of OCGA § 9-11-4."

Id. at 785-786 (1) (punctuation omitted; emphasis in original).

Rafac again appealed the dismissal of his complaint, and in *Rafac II* we found that the trial court "misapplied the law by focusing on the fact that Ho was not Jiangsu's *registered* agent in Georgia rather than determining whether Ho was Jiangsu's *appointed* agent." 363 Ga. App. at 786 (1) (emphasis supplied). However, we noted that

> Rafac's evidence [did] not compel the conclusion that Jiangsu appointed either Sunright or Ho to receive service of process of complaints in a civil action such as this. Jiangsu's director and general manager, Lu, averred that Jiangsu had not given Ho such authority. But the factual dispute created by the competing affidavits in this case must be resolved by the factfinder, the trial court. The trial court did not make a finding one way or the other on the issue, and we do not know exactly why the trial court said nothing about this issue. But we do know that the trial court could have assigned no weight at all to the testimony of the witnesses about the issue to the extent that it found that their testimony was not credible.

Id. at 788-789 (2) (citations and punctuation omitted). We therefore vacated the dismissal order and remanded the case for the trial court, in the first instance, "to weigh the competing evidence concerning Ho's authority to accept service on Jiangsu's behalf and [to] assess the witnesses' credibility on that issue." Id. at 789 (2).

We issued our opinion in *Rafac II* on May 2, 2022, and the remittitur was filed in the trial court on June 7, 2022. That same day, the trial court issued an order denying Jiangsu's motion to dismiss, finding "the affidavit of Ho to be more credible than that of Lu" and concluding that Rafac had "established Ho was authorized to accept service on behalf of Jiangsu . . . pursuant to OCGA § 9-11-4 (e) (7)." On August 26, 2022, Rafac filed an amended motion for entry of default judgment against Jiangsu. Shortly thereafter, on August 30, 2022, Jiangsu filed a notice that it intended to depose Ho individually and as an OCGA § 9-11-30 (b) (6) representative of Sunright.

On November 11, 2022, Jiangsu filed its response to Rafac's amended motion for default judgment. In support of its opposition to the entry of default judgment, Jiangsu attached Ho's deposition, and it later filed the original with the trial court on December 22, 2022. In his reply, Rafac suggested that Jiangsu's response was "an

attempt to relitigate its motion to dismiss by presenting evidence which it could have tendered by the [c]ourt imposed deadline." Rafac maintained that the trial court should decline to consider Jiangsu's evidence as untimely. Alternatively, Rafac argued that Ho's deposition testimony demonstrated that he was an agent appointed by Jiangsu to accept service of process. Prior to any ruling on Rafac's amended motion for default judgment, on November 29, 2022, Jiangsu filed a motion for the trial court to reconsider its June 2022 denial of Jiangsu's motion to dismiss. Jiangsu again argued that Ho "clarified, through his sworn deposition testimony, that neither he nor Sunright [ ] was authorized to accept service of process on behalf of Jiangsu[.]"

The trial court scheduled a hearing to consider both Rafac's amended motion for default judgment and Jiangsu's motion for reconsideration. At the April 2023 hearing, in support of its motion for reconsideration, Jiangsu pointed to Ho's deposition testimony in which he denied being involved in any official capacity in accepting legal documents on behalf of Jiangsu. Rafac noted that the trial court had imposed a January 21, 2021 deadline for the parties to submit evidence related to the service issue upon remand after our decision in *Rafac I*. And, Rafac highlighted that Jiangsu did not make an attempt to depose Ho until after Rafac had filed his amended

motion for default judgment in August 2022. Therefore, he objected to the court considering that deposition. On May 17, 2023, the trial court issued an order granting Jinagsu's motion for reconsideration, vacating its June 2022 denial of the motion to dismiss, and dismissing Rafac's action against Jiangsu. Specifically, the trial court found that Ho's deposition testimony corroborated Lu's assertion that neither Sunright nor Ho were authorized to accept service on Jiangsu's behalf. This appeal followed.

In his sole claim of error, Rafac argues the trial court erred by considering Ho's deposition in connection with Jiangsu's motion for reconsideration. Specifically, Rafac maintains that the deposition was untimely under OCGA § 9-11-6, and Jiangsu neither requested nor obtained an extension of time within which to submit additional evidence. We discern no reversible error.

OCGA § 9-11-6 provides in relevant part:

> When . . . by order of court an act is required or allowed to be done at or within a specified time, the parties, by written stipulation of counsel filed in the action, may extend the period, or the court for cause shown may at any time in its discretion (1) with or without motion or notice, order the period extended if request therefore is made before the expiration of the period originally prescribed or as extended by a previous order, or (2)

upon motion made after the expiration of the specified period, permit the act to be done where the failure to act was the result of excusable neglect[.]

OCGA § 9-11-6 (b). Here, Rafac does not challenge the trial court's ultimate finding that Ho was not an agent authorized to accept service on Jiangsu's behalf; instead, Rafac claims Jiangsu's failure to seek or obtain an extension of time within which to conduct Ho's deposition barred the trial court's consideration of that testimony. In support, Rafac relies on this Court's decisions in *Hershiser v. Yorkshire Condo. Assn., Inc.*, 201 Ga. App. 185 (410 SE2d 455) (1991), and *Scoggins v. KIA Motors America, Inc.*, 272 Ga. App. 495 (612 SE2d 823) (2005), but we find those cases distinguishable. In *Hershiser*, we held that the state court erred in considering the plaintiff's late-filed affidavits in connection with its motion for summary judgment where (1) the plaintiff failed to obtain an extension of time within which to file the affidavits, and (2) the state court did not make a finding of excusable neglect for failing to timely file and serve such affidavits. 201 Ga. App. at 185 (1). In *Scoggin*s, we affirmed the trial court's denial of the plaintiff's petition for fees and costs following a jury verdict in her favor. 272 Ga. App. at 495-498 (1). We noted that, under OCGA § 9-11-6 (d), a "trial court

is vested with discretion to consider affidavits not timely filed, [and] the refusal to exercise that discretion is not error." Id. at 498 (2) (citation and punctuation omitted).

These cases — dealing with a motion for summary judgment and a petition for post-verdict fees and costs — are distinguishable from the instant case — involving a motion to dismiss for insufficient service of process, which is a matter in abatement. *Equity Trust Co. v. Jones*, 339 Ga. App. 11, 14 (792 SE2d 458) (2016).

> In considering a matter in abatement . . . , the trial court may hear the matter on affidavits presented by the respective parties, and may direct that the matter be heard wholly or partly on oral testimony or depositions, OCGA § 9-11-43 (b), and has broad discretion in conducting the preliminary hearing on the motion.

Id. (citation and punctuation omitted). Importantly, a trial court is not required under OCGA § 9-11-43 to "specify before the hearing whether the court will rely solely on written testimony submitted by affidavits or depositions or will consider testimony presented at the hearing." *Franchell v. Clark*, 241 Ga. App. 128, 129-130 (1) (524 SE2d 512) (1999).

Here, Rafac had notice that Jiangsu intended to rely on Ho's deposition (to support its argument that service on Jiangsu via Ho was insufficient) in November

2022 — approximately four months prior to the hearing on the motion to reconsider the denial of Jiangsu's motion to dismiss. Moreover, the trial court's order recites its consideration of the deposition and Rafac's argument that the deposition should be excluded. Because the trial court did not err in considering Ho's deposition, and because its conclusion that Ho was neither a registered nor an appointed agent for service on Jiangsu is supported by at least some evidence, we affirm the trial court's dismissal of Rafac's complaint against Jiangsu. See *Alcatraz Media v. Yahoo!*, 290 Ga. App. 882, 885 (1) (b) (660 SE2d 797) (2008) (finding that trial court did not abuse its discretion in considering affidavit filed by defendant (in support of motion to dismiss for lack of personal jurisdiction) after the court-imposed deadline had expired, where plaintiff had adequate notice and opportunity to respond).

*Judgment affirmed. Barnes, P. J., and Pipkin, J., concur.*